STATE of Missouri, Respondent,

v.

Thomas J. THOMPSON, Appellant.

No. KCD 27645.

Missouri Court of Appeals, Kansas City District.

Dec. 8, 1975.

Jon M. Krebbs, Asst. Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

Appellant was charged by information with the crime of sodomy. He was tried before a jury, found guilty, and sentenced to 15 years imprisonment.

The only material witnesses in the trial below were the complaining witness, R——— P———, a girl aged 14 years, and the defendant. R——— P——— testified to the bizarre events which occurred on July 18, 1974, during the course of her baby-sitting with a neighbor's children, which culminated in the act of sodomy charged against the defendant, another neighbor. This occurred in his apartment in the late hours of the night. It involved a number of sordid and unnatural sexual acts, including the insertion of the defendant's penis into the complaining witness' mouth. No purpose would be served by a further detail of these events. Suffice it to say, that while the defendant categorically denied his guilt, if the jury believed the victim's testimony (as it obviously did), its verdict was supported by substantial evidence.

The appellant raises two points on appeal. *First*, he urges that the trial court erred in refusing to grant a mistrial when the prosecutor interrogated the complaining witness during direct examination in regard to the whereabouts of her mother (who was deceased). *Second*, he urges that the trial court erred in permitting the prosecuting attorney, over the objection of the defendant, to argue punishment to the jury in his closing argument, when this factor had not been argued by the state in its opening argument. Resolution of these points requires a close review of the trial incidents involved, as reflected in the transcript.

As to the appellant's first point, it is appropriate to note that a trial court's discretionary power to declare a mistrial is a drastic remedy and such action should be taken only when the complained of trial incident is so grievous in character that its

prejudicial effect can be removed in no other way. *State v. Cage*, 452 S.W.2d 125, 129[4, 5] (Mo.1970); *State v. Camper*, 391 S.W.2d 926, 927–928[2–4] (Mo.1965).

During the direct examination of the complaining witness, the following occurred:

"Q. * * * R——, who do you live with?

A. My father.

Q. Pardon?

A. And my brother.

Q. Your father and your brother. Do you have any other brothers or sisters?

A. No, I don't.

Q. Where is your mother?

A. She's deceased.

MR. KREBBS: (Counsel for defendant) Well, I object to that, Your Honor, it biases and prejudices the jury.

THE COURT: Sustained."

Thereupon, a conference between counsel and the court was had at the bench, out of the hearing of the jury, during which Mr. Krebbs, counsel for the defendant, requested the court to declare a mistrial. Mr. Allen, the assistant prosecuting attorney, told the court that the purpose of the interrogation was to explain the fact that R——— had first told the neighbor lady, with whose children R——— had been baby-sitting, of her treatment by the defendant, rather than her mother, to whom she would naturally have confided and whose succor and help she would naturally seek. The court remarked that no prejudice had resulted and overruled the request for a mistrial. The following then occurred, still out of the hearing of the jury:

"MR. ALLEN: Do you want the jury to disregard it?

MR. KREBBS: I think so. On second thought, I think that the Court should admonish the jury to disregard any evidence of this type."

Thereupon, in the hearing of the jury, the following occurred:

"THE COURT: The jury will disregard the last answer of the witness."

Nothing appears from which any inference may be drawn that this line of interrogation by the prosecutor was improperly motivated nor pursued for any reason other than those stated to the court, and no further reference to the complaining witness' family situation was made throughout the trial.

In addition to the above, Instruction 2 advised the jury:

"* * * You will also disregard any answer or other matter which the Court directs you not to consider * * *"

■ Without regard to the propriety or impropriety of the interrogation above noted, or the validity of the objection thereto in the light of the prosecutor's explanation of the purpose thereof, the fact remains that the objection was *sustained* and the jury was instructed to disregard the answer, both orally and by written instruction. The trial court was better able to judge the effect of this trial incident than an appellate court, and the trial court obviously felt that any prejudice which may have been engendered thereby was promptly removed by the directions to the jury that it should disregard that incident. *State v. Durham*, 418 S.W.2d 23, 27[7] (Mo. 1967); *State v. Nolan*, 423 S.W.2d 815, 819[15, 16] (Mo.1968); *State v. Camper*, supra. It does not appear that the trial court, as a matter of law, abused its discretion in refusing to declare a mistrial under the circumstances of this case. The civil cases cited by the appellant on this point have been carefully examined and are found clearly distinguishable. Appellant's first point is ruled against him.

The appellant's second point likewise is without merit. The record discloses that, contrary to appellant's contention, the prosecutor did mention punishment in his opening argument to the jury. His last statement in that argument was:

"I will be coming back in a few moments in rebuttal and I will then ask you *to assess punishment up to life imprisonment for Mr. Thompson* and I will have to give you my reasons at that time." (Emphasis supplied)

This reference to punishment in the opening argument would probably justify further exposition in the closing argument. *State v. Brown*, 480 S.W.2d 839 (Mo.1972). See also, *State v. Hale*, 371 S.W.2d 249 (Mo.1963). This matter need not be (and is not here) decided because of the following trial incidents.

Counsel for defendant in his closing argument made no mention of punishment and then in the prosecutor's closing argument the following appears:

"Punishment. Beyond a reasonable doubt find him guilty. I suggest the evidence supports such a finding."

Thereupon, out of the hearing of the jury, counsel for the defendant objected to this argument in the following manner:

"MR. KREBBS: Your Honor, I object at this time to *any statement at all in regard to the amount of punishment.* In his first half counsel commented that he was going to come back and comment." (Emphasis supplied)

The court *sustained* this objection, and after additional colloquy the following appears:

"MR. ALLEN: A point of clarification. Are we talking about arguing as to any specific amount or arguing punishment at all?

THE COURT: No, just in a specific manner.

MR. ALLEN: Well, I don't intend to.

THE COURT: That's what your objection was, was it not, Mr. Krebbs?

MR. KREBBS: *Yes, it was, Your Honor.*

THE COURT: Yes, sir, all right." (Emphasis added)

The prosecutor then resumed his final argument to the jury and, pursuant to the above admonition by the court and understanding with defense counsel, he did not mention or suggest any specific punishment to the jury. Appellant now complains of the following argument made by the prosecutor, without objection:

"MR. ALLEN: Pardon the interruption, ladies and gentlemen, I was just about to address you on punishment. And when you find the defendant guilty beyond a reasonable doubt, in other words, believe beyond a reasonable doubt that this little girl is telling the truth, then you will have to assess punishment, and *I can't tell you how much punishment you should assess.* I can only suggest some guidelines. One of those guidelines was suggested by Mr. Krebbs' closing argument when he said, well this is a crime without any outside evidence, this is a crime without any injury, without any bruising, without any scars. I suggest that that is not the case. I would submit to you that this is a crime that has very definitely left injury, left damage, and left scars on the mind and the psychic of a fourteen year-old child. So when you consider the amount of punishment, take into consideration how long R____ will bear these scars, how long will she have to live with the nightmare events of July 17 or 18 here in Clay County, Missouri, and how that that (sic) will affect her life." (Emphasis added)

It is, of course, fundamental (and needs no elaboration here) that in order to preserve a point of error for appellate review, including that claimed to have occurred during the prosecutor's oral argument, timely objection must be made at trial. *State v. Barron*, 465 S.W.2d 523, 529[9] (Mo.1971); *State v. McCreary*, 504 S.W.2d 132, 136[11] (Mo.App.1973), and this is true unless such argument is " 'so glaringly offensive and prejudicial' as to demand action by the court without objection." *State v. Clark*, 412 S.W.2d 493, 497[5] (Mo.1967).

Even had the above argument been objectionable for the reasons stated, it was not within the rule stated in *State v. Clark*, supra, and, since it was made without objection, nothing is presented here for review. However, such argument was within the limits set by the trial court and agreed to by defense counsel, and appellant's second point is ruled against him.

The judgment is affirmed.

All concur.