**STATE of Missouri, Respondent,**

v.

**James Alvin HARRIS, Appellant.**

No. 38357.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 13, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

Application to Transfer Denied Nov. 14, 1977.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Ott, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The state charged defendant, a second offender, with feloniously assaulting Dennis Washington by stabbing him with a knife. A jury found Harris guilty and the trial court imposed a three-year sentence.

Harris appeals, raising only two points, each related to the state's cross examination of his character witness. He first contends the court erred in allowing the state to frame questions about his previous conviction and arrests as statements of fact for which the state vouched. Allied to this, defendant contends the court erred in denying a mistrial because the prosecutor referred to a document, inferentially defendant's arrest records.

On direct examination character witness Frances Harris testified she had lived all her life in defendant's neighborhood and had discussed his character with his acquaintances. She was aware of his reputation for peacefulness, stating, "He's a friendly person, easy to get along with and always tries to make friends with everybody."

On cross examination, to quote defendant's brief, "The prosecutor asked Mrs. Harris if she thought the opinion of others[1] in the community concerning Mr. Harris' reputation for non-violence, truth and veracity would change if they knew defendant was convicted of carrying a concealed weapon, had been arrested for stealing over fifty dollars, had been arrested for violation of Missouri controlled substance law, had been arrested for gambling by dice, was arrested for 'stealing under fifty,' had been arrested

for statutory rape." The witness answered "No" except as to the last question.

■ On this appeal defendant contends these questions were framed to impart the impression the defendant was guilty of other crimes. We do not agree. The questions concerned the character witness' knowledge of other facts that could bear upon her stated opinion that defendant bore a good reputation.

We accept defendant's argument that jurors may misconstrue such questions about a defendant's reputation as indicating facts of misconduct. That is a risk a defendant takes when he presents testimony of his good character. As said by Bennick, J., in State v. Carson, 239 S.W.2d 532[3–6] (Mo.App.1951): "When defendant elected to put his character in issue, he thereby subjected his witnesses to legitimate cross-examination upon the subject of inquiry, and himself to such disaster as might result therefrom."

We adhere to the principle that ". . . on cross-examination of character witnesses, inquiry as to whether they have heard rumors of specific acts of misconduct which reflect upon the defendant's character is permissible to test their knowledge, the trustworthiness and accuracy of their information, the basis for their judgment, their candor and their credibility." State v. Slade, 338 S.W.2d 802[11] (Mo. 1960). We quote from State v. McCoy, 458 S.W.2d 356[1] (Mo.1970): "[where witnesses] were asked on direct examination to state their opinion of defendant's reputation for quiet and peaceful manner, and each answered that it was good. The state, upon cross-examination, asked if their opinion would be the same if they were to consider former arrests or convictions for burglary, petty stealing, carrying concealed weapons, and robbery. Such questions were within the discretion accorded the tri-

---

[1]. The question should have been whether the opinion of the character witness herself, not the opinion of others, would be affected by knowledge of the defendant's prior conviction and arrests. Compare State v. Wilson, 248 S.W.2d 857[7, 8] (Mo.1952), and State v. Livers, 340 S.W.2d 21[6] (Mo.1960), and State v. Slade, post, and State v. McCoy, post. Defendant has not raised this issue.

284

al court in its control of cross-examination." On this issue of permissible cross examination of character witnesses, see also *State v. Haven*, 177 S.W.2d 625[12, 13] (Mo.1944), *State v. Mitchell*, 339 Mo. 228, 96 S.W.2d 341[2–4] (1936), and 47 A.L.R.2d 1258 (§§ 3, 5).

We hold the court properly overruled defense objections to the form of questions put to defendant's character witness on cross examination.

 Defendant also contends he was entitled to a mistrial when the prosecutor referred to a document, inferentially defendant's arrest record. Considered out of context this would be erroneous as improper factual evidence of prior arrests. We consider the point *in context*.

On redirect examination of his character witness defense counsel referred to her previous answers about knowing of defendant's previous conviction and arrests. He then asked her whether neighbors "had ever heard of any of those things" and she answered, "No." Defense counsel then argumentatively said: "Then all those allegations are alleged things . . . ." The prosecutor interrupted: "I object to the form of the question. It's argumentative. The state asked that question in good faith and *has the record right here* . . . ." The court sustained defendant's objection to the remark but denied a mistrial, declaring: "Members of the jury, the court has sustained the defendant's objection to the State's attorney's last statement, to-wit: And this, as I read it to you, is to be disregarded by the jury. 'The State asked that question in good faith and has the record right here.'"

The prosecutor's remark was not uninvited. While the prosecutor was cross examining the character witness about arrests, defense counsel repeatedly objected to the prosecutor "attempting to say these are facts . . . which are untrue . . . it is a lie," arguing erroneously that the prosecutor was equating arrests with convictions. Then, when defense counsel said "these allegations are alleged things," the prosecutor responded by saying, "The state

asked that question [about arrests] in good faith and has the record right here." In denying a mistrial the trial court properly exercised its discretion because the objectionable remark was retaliatory and not patently prejudicial. It did not warrant the drastic action of a mistrial. Compare *State v. Thompson*, 531 S.W.2d 63[1, 2] (Mo.App. 1975).

Judgment affirmed.

DOWD and SMITH, JJ., concur.