STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Eugene LEE,
Defendant-Appellant.

No. 10544.

Missouri Court of Appeals,
Springfield District.

March 21, 1978.

Motion for Rehearing Overruled or
Transfer Denied April 12, 1978.

Case Transferred to Supreme Court
May 8, 1978.

Retransferred as Improvidently
Granted Feb. 6, 1979.

John D. Ashcroft, Atty. Gen., Philip M. Koppe Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Wayne C. Smith, Jr., Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Thomas Eugene Lee was found guilty by a jury of robbery in the first degree [§ 560.120 RSMo 1969] and sentenced by the court under the Habitual Criminal Act [§ 556.280, RSMo 1969] to a 20 year prison term. In this appeal defendant complains of error in the admission of certain evidence. We affirm the judgment.

Defendant was identified by the robbery victim as one of the two men who took the victim's automobile after the victim was told by defendant's accomplice the two men were escaped convicts from Oklahoma and defendant had a gun at the victim's head.

■ The trial transcript shows the jury's verdict was received September 28, 1976, and defendant's motion for new trial was filed October 25, 1976. Rule 27.20, V.A. M.R., requires a motion for new trial to be filed within ten days after the return of the verdict, unless upon application of defendant and order of court the time is extended as limited by the rule. The transcript does not show an application or order for additional time within which to file the motion for new trial and, consequently, defendant's untimely motion for new trial is a nullity and preserves nothing for appellate review. *State v. Richardson*, 519 S.W.2d 15 (Mo. 1975); *State v. Watson*, 511 S.W.2d 890 (Mo.App.1974).

We have, under our discretionary authority, examined defendant's points in this appeal to determine whether defendant is entitled to any relief by reason of plain error within the meaning of Rule 27.20(c), V.A. M.R., and conclude the plain error rule is not applicable.

■ The evidence defendant was an escapee from an Oklahoma prison was relevant to establish defendant's identity, motive, intent, and show a common scheme or plan, all of which are recognized exceptions to the general rule prohibiting evidence of other unrelated crimes. *State v. Knighton*, 518 S.W.2d 674 (Mo.App.1975).

■ The statement by defendant's accomplice that they were escaped convicts from Oklahoma, made during the course of robbery, was admissible as part of the res gestae. *State v. Wren*, 498 S.W.2d 806 (Mo. App.1973). It was also admissible as a declaration of a co-conspirator. *State v. Peters*, 123 S.W.2d 34 (Mo.1938).

■ The Oklahoma prison records confirmed defendant was a recent escapee from that institution at the time of the instant crime and, as defendant told the victim, had a two-year-old son. The statement and the records were relevant to establish defendant's identity, to demonstrate defendant's motive for committing the crime of first degree robbery, to show a common scheme or plan of escaping the authorities, and intent to instill fear in the victim. *State v. Knighton, supra; State v. Booker*, 517 S.W.2d 937 (Mo.App.1974).

■ We do not find the pretrial photographic identification of defendant by the victim to offend constitutional boundaries. The procedures followed by the police were thoroughly explored in defendant's pretrial motion to suppress his identification and at trial. There was no evidence to support defendant's contention that the procedures ran afoul of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), by being "impermissibly suggestive." Furthermore, the record justifies the conclusion that the victim had an independent basis for defendant's identification at trial.

*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Madison*, 537 S.W.2d 563 (Mo.App.1976). The victim was in the company of defendant for about an hour. The crime was committed during the daylight hours. The victim was close to the defendant and had a clear view of defendant's face. The victim made an unhesitating and positive identification of defendant at a pretrial confrontation which occurred less than three weeks after the crime.

■ Defendant's claim he was denied a right to a speedy trial is not supported by the *record*. "Facts" offered in support of this contention can be gleaned from defendant's unverified motion to dismiss the proceedings but are not buttressed by evidence. The record shows the information was filed June 10, 1976, and he was tried approximately three months later. Delays between the date of the information and trial were occasioned by defendant's pretrial motions, including motions to disqualify the trial judge and permit his attorney to withdraw. "[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). See: *State v. Odzark*, 532 S.W.2d 45 (Mo.App.1976); *State v. Gardner*, 534 S.W.2d 284 (Mo.App.1976).

■ A police officer's testimony that the victim identified defendant from a group of photographs shown to him prior to the trial is assailed by the defendant, citing *State v. Degraffenreid*, 477 S.W.2d 57 (Mo.banc 1972). This evidence was cumulative to prior like testimony by the victim. There was no objection to the officer's testimony and defendant "actively joined in the presentation of this evidence to the jury by [his] cross-examination." *State v. Cooksey*, 499 S.W.2d 485 (Mo.1973).

We have examined those matters we are required to review under Rule 28.02, V.A. M.R., and find no error.

The judgment is affirmed.

All concur.