STATE of Missouri, Respondent,

v.

David L. RAUCH, Appellant.

No. KCD 30485.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Jefferson G. Broady, Rockport, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction of burglary in the second degree upon which the jury assessed punishment of four years imprisonment. The facts are not in dispute.

Clark Lentz, the owner of a general store, became suspicious of four young men who were apparently "casing" his store and notified the sheriff. The sheriff assigned a deputy to "stake out" the store that night. Shortly after 10:00 o'clock the deputy observed a car drive slowly past the store and then return. Four men then got out of the car and circled the store on foot. The deputy then heard glass break and radioed the sheriff for assistance, since it appeared that the men that he had observed were armed.

When the sheriff arrived at the scene, he and the deputy entered the store. They found defendant hiding in a closet under a pile of merchandise, and a loaded rifle was discovered only a few feet away. The officers noticed that one window had been broken and another had been pried open. A box of cigarettes and other merchandise was discovered stashed near the cash register.

Defendant testified in his own behalf. He admitted that he went into the store with his companions for the purpose of stealing merchandise, although he denied that it was his idea or that he had carried the rifle. Defense counsel made no defense on the issue of guilt or innocence, stating candidly to the jury: "The facts speak for themselves. David got up and told you what he did, and, let's face it, he's guilty." The thrust of the defense plea was one for leniency.

As his sole point on appeal, defendant challenges the prosecutor's closing argument as improper. As put by defendant in the argument portion of his brief, he claims that the prosecutor argued to the jury a "bad faith inference which excited the jury to enhance the defendant's punishment."

To be properly understood, the prosecutor's argument under challenge must be placed in the context of defendant's argument which immediately preceded it. Defense counsel had stated to the jury that there was very little law and order in a penitentiary when the lights go out and that the defendant, who was only 18 years old, was "fearful, of course, of what could possibly happen to him once he gets down there, so I want you to consider these factors in assessing his punishment * * *."

In response, the prosecutor rejoined as follows:

"Now, these aren't toys I've laid here on the jury bench for you all to look at. These weren't something that little kids go out in the street and play with.

Defense counsel has said that poor Mr. Rauch is fearful. What about Mr. Lentz? What if he would have returned to the store that night? What if Mrs. Lentz would have forgotten something and had to come back to the store along about ten o'clock or so that night? What if Mr. Lentz wouldn't have been there that afternoon and been aware enough to have the foresight to call the Sheriff? What use would have been made of those little toys at that time?

Now, defense counsel has done what I would expect. They tell you here's a poor

eighteen year old boy who's going to Jefferson City, which, of course, none of us have any knowledge of or control over a sentence but this would be a sentence to the Department of Corrections and that would be up to someone not even in this room today as to whether or not he would be incarcerated."

No objection was registered by defense counsel at the time to the foregoing argument against which such strenuous contention is now made. Indeed, defendant's brief does not even solicit this court to engage in a plain error review pursuant to Rule 27.20(c).

Nevertheless, reviewing this matter for plain error as a matter of grace, the point must be rejected. A prosecutor's closing argument will not be grounds for reversal on grounds of plain error on appeal unless the argument is " 'so glaringly offensive and prejudicial' as to demand action by the [trial] court without objection * * * ." *State v. Clark*, 412 S.W.2d 493, 497 (Mo. 1967); *State v. Thompson*, 531 S.W.2d 63, 66 (Mo.App.1975). Only rarely will a prosecutor's closing argument affect substantial rights of the defendant so as to result in plain error. *State v. Jones*, 571 S.W.2d 741, 746 (Mo.App.1978); *State v. Brown*, 528 S.W.2d 503, 505 (Mo.App.1975). The facts of the present case present no exception to the foregoing general rule.

Affirmed.

All concur.