**STATE of Missouri, Respondent,**

v.

**Shannon BARNETT, Appellant.**

**No. WD 31384.**

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfers
Denied Feb. 2, 1981.

Application to Transfer Denied
March 9, 1981.

Howard L. McFadden, Public Defender, 19th Judicial Circuit, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PER CURIAM:

This is a direct appeal from a jury conviction for the offense of attempted stealing under § 564.011, RSMo 1978. Punishment was affixed at four years in the Department of Corrections. The judgment is affirmed.

In his points of error, appellant charges the trial court erred (1) in overruling his motion for a mistrial in that the evidence of a separate crime (escape) was presented to the jury thereby denying him his right to be tried only upon or for the crime charged in the information and (2) in submitting instruction no. 5 because said instruction was unconstitutionally vague in its failure to define stealing, thus resulting in a roving commission for the jury to define stealing. Since the sufficiency of the evidence is not challenged, a brief recital of the facts suffices.

During the early morning hours of March 12, 1979, a deputy sheriff of Cole County was searching for an escaped inmate from the Missouri State Penitentiary. The deputy received a call from his dispatcher, who informed him that a prowler had been reported on Mist Road and that this prowler could possibly be the escaped inmate.

The deputy was making a random check of a residence on Mist Road where the prowler call had been reported. At this point, the deputy observed the taillights and backup lights of an automobile in the driveway. The deputy proceeded toward the automobile and when he was close enough to observe a black male driving the automobile, the deputy turned on his red lights and ordered the driver of the automobile to stop. The driver of the automobile cooperated and exited the automobile, placing his hands on top of the automobile. (The deputy later identified this driver as appellant.) The deputy was soon assisted by the Sheriff of Cole County, who took appellant into custody.

The remainder of the state's evidence consisted of statements by the owners of the automobile who testified that neither owner had given appellant permission to use the automobile.

Appellant offered no evidence and following his after-trial motions, the case was submitted to the jury. Following the overruling of his motion for new trial, this appeal followed.

In his first point of error, appellant contends the trial court erred in failing to grant him a mistrial. He argues that evidence of a separate crime was presented to the jury, thus denying him the right to be tried only for the crime with which he was charged. This issue arose during the direct examination of the deputy who had apprehended appellant. The record reveals the following:

"Q. In that capacity did you have occasion on those dates and during the late hours of the 11th and the early morning hours of the 12th to be involved in the search for an escaped inmate from the Missouri State Penitentiary by the name of Shannon Barnett?

A. Yes, sir.

MR. OSSMAN: Your Honor, I object. Can we approach the bench?

THE COURT: Yes, sir.

(The following proceedings were held at the bench outside the hearing of the jury.)

MR. OSSMAN: At this time I move for a mistrial. He is bringing in evidence and brought before the jury the fact that the defendant was escaped and he has not been convicted of the escape and that is totally unrelated to the crime for which the defendant is being tried today.

THE COURT: What do you say, Mr. Brown?

MR. BROWN: The evidence will go to prove the defendant's motive for the circumstances as they existed in this charge, his intention and also the State would suggest because they were so inextricably intertwined, they are a part of a common scheme or plan and fit the exception.

THE COURT: All right, the motion for a mistrial is overruled and this does fit the exceptions as listed by the prosecutor.

(The trial resumed in open court before the jury.)"

This issue was not properly preserved for appellate review upon failure to include the matter with appellant's motion for new trial, but this court will review same as if preserved although it is pointed out that the issue does not rise to the level of plain error and is not reviewed upon that basis, because there is no showing of any manifest injustice upon any refusal to review the issue.

While proof of the commission of separate and distinct crimes is not admissible, such rule is not absolute and certain exceptions to it exist.

■ If the proof of another separate and distinct crime has some legitimate tendency to directly establish the guilt of an accused upon the charge for which he is standing trial, it is admissible. Evidence of other crimes is admissible to prove the specific crime if and when it tends to establish motive, intent, absence of mistake or accident, common scheme or plan or identity of the person charged with the commission of the crime subject to trial, see *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954) and *State v. Mitchell*, 491 S.W.2d 292 (Mo.banc 1973).

It has been held that evidence of escape from the penitentiary was admissible in a trial for theft of an automobile, see *United States v. Stover*, 565 F.2d 1010 (8th Cir. 1977). The court in *Stover*, reasoned that evidence of the escape of the accused was competent to show the accused was in the vicinity where the auto was stolen, and that the accused had the motive and the intent to steal the auto. The court further reasoned that the probative value of the evidence outweighed the danger of prejudice.

There exists state authority for the disposition of this issue. In *State v. Hicks*, 591 S.W.2d 184 (Mo.App.1979), the defendant and his companions had escaped from the Dallas County Jail. They made their escape initially in the jailor's automobile, but after encountering difficulty with the jailor's vehicle, defendant took another automobile from its owner at gunpoint. The court reasoned that evidence of the separate crime of escape was admissible to prove the identity of the accused and to establish motive. See also *State v. Lee*, 576 S.W.2d 341, 342 (Mo.App.1978), permitting evidence of defendant's escape to "establish defendant's identity, motive, intent and to show a common scheme or plan, all of which are recognized exceptions to the general rule prohibiting evidence of other unrelated crimes."

■ The state bears the burden of showing that appellant attempted to appropriate the owners' automobile with the purpose of depriving the owners thereof. Appellant's state of mind is difficult to prove. Under *Reese, Mitchell, Stover, Hicks* and *Lee*, the evidence pertaining to appellant's escape from custody was properly admissible to establish intent and motive.

■ Appellant argues that such evidence did nothing but prejudice the jury. In addition to the above exception (to show intent and motive) where evidence of other crime is logically relevant, the trial court must also consider the degree to which such evidence may prejudice a jury against an accused. This consideration lies within the sound discretion of the trial court and it will not be disturbed unless an abuse thereof is shown, see *State v. Cheesebrew*, 575 S.W.2d 218, 233 (Mo.App.1978) and *State v. Harris*, 534 S.W.2d 516, 522 (Mo.App.1976).

■ The evidence relating to appellant as an escapee was brief and did not dwell upon any detail of the escape. Evidence of the escape as that crime related to the crime with which appellant stood charged went to establish appellant's intent and motive. The record does not show the trial court abused its discretion in the admission of such evidence.

The review of point one leads to the conclusion there was no reversible error resulting from the admission of such evidence related to the crime of escape. Point one is ruled against appellant.

In his final point, appellant attacks instruction no. 5 as unconstitutionally vague because it fails to define stealing. Appellant argues that such failure granted to the

jury a roving commission to define the offense of stealing. Instruction no. 5 reads as follows:

## "INSTRUCTION NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 12th day of March, 1979, in the County of Cole, State of Missouri, the defendant tried to appropriate a certain motor vehicle; to-wit: a 1973 Ford Thunderbird automobile, owned by Gary Bailey and Sherry Bailey, and

Second, that such conduct was a substantial step toward the commission of the crime of stealing the 1973 Ford Thunderbird automobile owned by Gary Bailey and Sherry Bailey and was done for the purpose of committing such stealing,

then you will find the defendant guilty of an attempt to commit stealing.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of an attempt to commit stealing, you will assess and declare the punishment at:

1. Imprisonment in the Division of Corrections for a term of years fixed by you, but not less than two years and not to exceed five years, or

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year."

Appellant, in attacking instruction no. 5, presents a three-pronged argument. His first argument is that under MAI–CR 18.02 Notes on Use, the pattern "attempt" instruction requires that the *object* crime be defined. Appellant's argument is absolutely sound so far as it goes, but this argument fails in light of what the Notes on Use further require, that is a separate definition, and what in fact was done in the instant case. The Notes on Use require that the *object* crime definition shall be in a separate definition and not (as appellant

contends) within the pattern instruction. In addition, as required, the court submitted instruction no. 6, which defined "stealing" the object crime. Instruction no. 6 reads:

## "INSTRUCTION NO. 6

A person commits the crime of stealing if he appropriates property or services of another with the purpose of depriving him thereof, either without his consent or by means of deceit or coercion."

■ Appellant's first argument fails because instruction no. 5 was in proper form and the "object crime" was, as required by MAI–CR 18.02, set forth in a separate definition within instruction no. 6.

Appellant presents two additional arguments as a further attack upon instruction no. 5. The arguments are a departure from the assignment of error and violate Rule 84.04. This court, by reason of such violation, need not consider such arguments, see *State v. Finley*, 588 S.W.2d 229 (Mo.App. 1979), but since presented, this court will excuse such failure and dispose of such arguments as if properly presented.

Appellant argues that instruction no. 5 is at variance with the information filed in this cause because the jury was not required to find "intent to deprive" as alleged in the information. The information herein reads as follows:

## "INFORMATION

The Prosecuting Attorney of the County of Cole, State of Missouri, charges that the defendant, Shannon Barnett, in violation of Section 564.011, RSMo, committed the class D Felony of an attempt to commit the offense of stealing, punishable upon conviction under Section 558.011, RSMo, in that on or about the 12th day of March, 1979, in the County of Cole, State of Missouri, the defendant attempted to appropriate a certain motor vehicle; to-wit: a 1973 Ford Thunderbird automobile, which said motor vehicle was owned by Gary Bailey and Sherry Bailey, and

defendant attempted to appropriate such property without the consent of Gary Bailey and Sherry Bailey and with the purpose to deprive them thereof, and such conduct was a substantial step toward the commission of the crime of stealing the said motor vehicle, and was done for the purpose of committing such stealing."

As can be determined from the information above, appellant was charged in terms of "attempts to appropriate ... with the purpose to deprive ..." When instruction no. 5 is read, one finds the terms within the instruction read, "tried to appropriate ... and such conduct was a substantial step toward ... stealing ..." When instruction no. 6 is read, it, in part, defines stealing as appropriating "with the purpose of depriving."

When instruction no. 5 and no. 6 are read together and then compared with the information, there is no variance. All instructions must be read together and when read together and so considered, they present the law that is all that is required, see *State v. Sallee*, 436 S.W.2d 246 (Mo. 1969) and *State v. Fletcher*, 512 S.W.2d 253 (Mo.App.1974).

Appellant's final argument attacks instruction no. 5 in that said instruction failed to require a finding that appellant did not consummate the crime of stealing. Under the former statute, § 556.160, RSMo 1969, the failure to consummate an intended crime was an element of an attempted offense. Such element is no longer required under § 564.011, RSMo 1978, the statute under which appellant was charged. The submitted instruction was in conformity with the statute and the evidence upon the record, and it is found instruction no. 5 was proper. Appellant's argument fails.

Point 2 is ruled against appellant.

For the reasons set forth above, the judgment is in all respects affirmed.