**STATE of Missouri, Respondent,**

v.

**Ian Walter Hayes HIGGINS, Appellant.**

**No. 12029.**

Missouri Court of Appeals,
Southern District,
Division One.

July 2, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Albert Crump, Jr., Asst. Public Defender, Rolla, for appellant.

TITUS, Judge.

Defendant was charged with killing Dorothy Greer, an incompetent under guardianship, on February 19, 1980, at Indian Cave in Pulaski County. The jury was instructed on capital murder (as defendant was charged), second degree murder and manslaughter. It found defendant guilty of murder in the second degree and fixed his punishment at imprisonment for 30 years. Defendant appealed.

The facts surrounding the tragic killing were not in dispute at trial; neither is their sufficiency to sustain the conviction questioned on appeal. On the day of death defendant and Ms. Greer had been drinking before they drove to the cave. Following copulation, an argument arose concerning liquor they had with them. Ms. Greer was struck by defendant before she, according to his testimony, said "Why don't you shoot me." Defendant obliged by pulling a revolver from the waistband of his trousers and shooting her once in the head. The body was soon discovered by other cave visitors. The gun was subsequently found where defendant had hidden it after the killing. All of the foregoing was ascertained from oral and videotaped statements made by defendant to the authorities after he had been repeatedly advised of his constitutional rights in the matter.

On this appeal, defendant's lone point relied on is that "The trial court erred in failing to declare a mistrial or in overruling appellant's motion for a new trial for the reason that the prosecuting attorney in his closing argument repeatedly suggested to the jury that if the appellant was acquitted or released from the penitentiary after a short sentence that appellant would return to Pulaski County and harm the jurors or other members of the community, thereby denying the appellant his right to trial by a fair and impartial jury guaranteed appellant under the Missouri Constitution and the United States Constitution."

In defendant's brief are recited abridged or abstract portions of the state's arguments which he now claims contained the averred unwarranted suggestions to the jury. Our reading of those parts of the state's arguments to which defendant alludes reveals that at the time the statements complained of were made, defendant neither objected thereto nor moved for a mistrial.[1] In order to preserve for appellate review any complaints he has of alleged improper jury arguments, defendant must make his objections thereto at the time the arguments are made. *State v. Weeks*, 603 S.W.2d 657, 664[8] (Mo.App.1980); *State v. Rapheld*, 587 S.W.2d 881, 893[31] (Mo.App. 1979); *State v. Turley*, 518 S.W.2d 207, 211[3] (Mo.App.1974), cert. den., 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975). A trial court cannot be effectively charged with error for reasons which the defendant does not timely present so that, if required, remedial action may be taken during the trial. If objections to improper arguments are not made when they are being declaimed to the jury, they come too late when raised for the first time in a motion for a new trial or on appeal. *State v. Hatten*, 561 S.W.2d 706, 713[10] (Mo.App. 1978).

We have not been asked to consider the alleged argument errors as plain errors under Rules 29.12(b) and 30.20, V.A.M.R. This, we assume, because neither counsel for defendant nor the state on appeal were aware of (or chose to disregard) the fact that at no time did defendant's trial counsel voice a single objection to those portions of the state's closing arguments concerning which defendant now complains. Therefore, the only manner in which the arguments may be considered by us as plain errors is sua sponte.

Statements made in closing arguments seldom affect substantial rights or result in manifest injustice or the miscarriage of justice so as to result in plain error requiring reversal of a conviction. *State v. Rauch*, 583 S.W.2d 298 (Mo.App.1979);

---

1. Present counsel on appeal was not trial counsel below.

*State v. Mayfield*, 562 S.W.2d 404, 412[12] (Mo.App.1978). Moreover, brief, isolated, nonrepetitive remarks of state counsel in closing remarks rarely call for plain error relief. *State v. Harper*, 553 S.W.2d 895, 898[6] (Mo.App.1977); *State v. Crawford*, 539 S.W.2d 633, 637[9] (Mo.App.1976).

■ Defendant's first complained-of argument came before the jury retired to consider whether he was "guilty or not guilty without any consideration of punishment." § 565.006–1, RSMo 1978. In substance the abbreviated argument was to the effect the jurors and lawyers resided in the community and were "the ones that have to put up with the law enforcement" and that the jurors "were selected to do your job." The brief portion of the argument of which defendant's counsel now complains, is that if defendant was declared to be "not guilty" it would convey "a message" meaning "go around, kill anybody you want. Only thing is we ought to put [in] a hunting season so we can charge for licenses." How such statements can be transmogrified into a suggestion that an acquittal or short sentence would result in defendant's harming the jurors and others, wholly escapes us. Here, the argument related to finding defendant guilty or innocent. It was not made as an undertaking to implant a suggestion that an acquittal or short sentence would endanger the personal safety of the jury or others. *Cf. State v. Charlton*, 465 S.W.2d 502, 504 (Mo.1971).

The second complained-of argument came after the jury found defendant guilty of second degree murder and before it retired to determine punishment. § 565.006–2, RSMo 1978. In a very short, isolated portion of the argument, the prosecuting attorney declared: "I want you all to think about this. I want you to go back there. I want you to realize it's gonna be a long time in any case. But also think about the people who are gonna be here in Pulaski County when he gets out, if he does." This surely cannot be regarded as a direct threat that if defendant "was acquitted [he had already been found guilty] or released from the penitentiary after a short sentence that [he] would return to Pulaski County and harm the jurors or other members of the community." But assuming arguendo such a meaning could be attributed to the statement, the comparatively mild argument may not constitute plain or reversible error in the situation presented where the evidence of guilt was extremely strong and was contested only in a cursory fashion. *State v. DeGraffenreid*, 477 S.W.2d 57, 65[15] (Mo. banc 1972); *State v. Bellew*, 586 S.W.2d 461, 464[6] (Mo.App.1979); *State v. Green*, 534 S.W.2d 600, 603[3] (Mo.App. 1976).

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.