STATE of Missouri, Respondent,

v.

Harold BELL, Appellant.

No. 44351.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

 

William C. McIlroy, McIlroy & Millan, Vandalia, for appellant.

David K. Dowling, Montgomery City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of third degree assault, § 565.070, RSMo. 1978, a class "C" misdemeanor. He was sentenced to ten days in the Montgomery County Jail. We affirm.

Defendant, a man of 57 years of age, standing 5′ 7″ and weighing 170 pounds, was a visitor in the trailer home of victim's mother one Saturday evening in August of 1980. Mother and three children by a former marriage, including victim, a boy of thirteen and weighing about sixty pounds, were present. All but the oldest child, Vickie, were in the living room watching a television movie. Vickie was in mother's bedroom listening to a radio.

At approximately 9:30 p. m., victim turned off the radio and Vickie began to cry. The upshot of this turn of events was that defendant and victim became involved in an altercation, with victim receiving a cut and swollen lip. Victim and his other sister, Sharon, said defendant struck victim with his closed fist. Defendant testified that victim had kicked defendant on both legs, so he grabbed the boy and held him down until mother appeared, at which point she "slapped the hell out of him." The jury obviously did not believe defendant's self-defense assertion.

In order to further the self-defense issue, defendant's trial lawyer tried, without success, to elicit information during cross-examination of mother about the fact that victim was an uncontrollable child.

Q. When did he (victim) leave your custody?

A. Around the 6th of June he came.

Q. When did he leave your custody?

A. In October, around the 5th of October.

Q. Why did he leave your custody? Why was his custody taken away from you at that time?

(By the Prosecutor) I object to the materiality of this. (By the Court) Sustained.

Defendant maintains the above colloquy did not involve an inquiry as to individual acts of violence. He alleges the questions merely sought to adduce that victim had the reputation of being of a turbulent propensity. *State v. McDonald*, 527 S.W.2d 380, 381 (Mo.App.1975).

■ After the objection was sustained, defendant's trial lawyer made no offer of proof, nor did he ask any other questions in this regard. It is not error to exclude evidence, the relevance of which is not apparent, without a showing by the party seeking its admission of the nature of the testimony and the purpose for which it is offered. *State v. Rogers*, 578 S.W.2d 362, 363 (Mo. App.1979). We rule this point against defendant.

■ Defendant also asserts the trial court erred in allowing the prosecutor to comment in final argument on the failure of defendant to call Vickie as a witness. He failed to preserve this point for review by failing to object. If an objection to forbidden discourse is not made when it is being delivered to the jury, it comes too late when, as here, it is advanced for the first time in a motion for new trial. *State v. Higgins*, 619 S.W.2d 94, 95 (Mo.App.1981). Defendant asks us to review under the plain error doctrine, Rule 29.12. Review under the plain error doctrine is not warranted unless the error is determined to have had a definite impact on the jury. *State v. Johnson*, 615 S.W.2d 534, 536 (Mo. App.1981).

While Vickie may have been equally available to the prosecution as to the defense, we find no manifest injustice. Statements made in closing argument infrequently affect substantial rights or result in manifest injustice or the miscarriage of justice so as to result in plain error compelling

reversal of a conviction. *State v. Higgins, supra.*

Judgment affirmed.

REINHARD, P. J., and DOWD, J., concur.