**STATE of Missouri, Respondent,**

v.

**Ralph Haywood GREEN, Appellant.**

**No. 46607.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Frederick M. Steiger, St. Louis, for ap-
pellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Defendant Ralph Haywood Green appeals from a conviction for assault in the first degree by means of a dangerous instrument resulting in a sentence of 25 years. We affirm.

On July 16, 1982, the defendant arrived at the victim's apartment, forced her into his ex-wife's automobile and drove her to his house. After arriving, defendant forced her to smoke PCP (angel dust). He then proceeded to slap her and intermittently beat her with his fists, a belt, club, and a gun. When the defendant was on the phone, the victim went into the basement. She later went back upstairs and managed to get outside and yell for help. The defendant's brother-in-law heard her yell and took her to his house where his wife called an ambulance. While there was no blood found at the scene, the victim was treated for contusions, abrasions, and particularly a laceration on the scalp. Defendant has filed both a pro se brief and one through his attorney raising a total of sixteen points on appeal none of which we find to be reversible error.

We first address his claims of instructional error. He initially claims the trial court erred in submitting instruction five because it was an improper modification of MAI–CR 2d 19.02. The disputed instruction is as follows:

If you find and believe from the evidence beyond a reasonable doubt:

That on or about July 16, 1982, in the County of St. Louis, State of Missouri, the defendant attempted to kill or cause serious physical injury to Sharon Bellon by beating her with his fists, a belt, a club, and a gun,

then you will find the defendant guilty of assault in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

But if you further find and believe from the evidence beyond a reasonable doubt that the defendant committed such assault by means of a dangerous instrument, then you will find the defendant guilty of assault in the first degree by means of a dangerous instrument.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

■■■■ Defendant argues that both the failure to include "dangerous instrument" in the first paragraph and the inclusion of the second general converse gave the jury the impression that two separate offenses were being submitted. First, MAI–CR 2d 19.02 does not include the element "dangerous instrument" in the first paragraph as defendant indicates. He is correct that the instruction deviated from 19.02 by including a second general converse.[1] However, while failure to follow the patterned in-

---

1. MAI–CR 2d 19.02 provides in pertinent part:
 "(If) you find and believe from the evidence beyond a reasonable doubt:
 "(First, that) (That) (on) (on or about) [date] in the (City) (County) of _____, State of Missouri, the defendant ...
 attempted to kill or cause serious physical injury to [name of victim] by [insert means by which attempt was made], (and) ...
 then you will find the defendant guilty (under Count ___) of assault in the first degree.
 However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
 If you do find the defendant guilty (under Count ___) of assault in the first degree, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years(,)
 (But if you further find and believe from the evidence beyond a reasonable doubt that the defendant committed such assault by means of a (deadly weapon) (dangerous instrument), then you will assess and declare the punishment at:
 1. Life imprisonment, or
 2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years)."

struction is error, it will only be prejudicial if the jury may have been adversely influenced by it. Rule 28.02(e) V.A.M.R. *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo. banc 1982). We do not believe the jury was confused or mislead. The second converse along with the "dangerous instrument" paragraph was a correct statement of the law instructing the jury to find him not guilty if it could not find and believe from the evidence beyond a reasonable doubt that defendant committed the assault with a dangerous instrument. Point denied.

Defendant also contends the court erred in failing to instruct on assault in the third degree, in that it was a lesser included offense. We disagree.

■ The defendant is only entitled to an instruction on a lesser offense if it is supported by the evidence. § 556.046 RSMo 1978; *State v. Robinson*, 639 S.W.2d 823 (Mo.1982). There was no evidence in the record to form the basis of a conviction for third degree assault. First, defendant claims he was not even involved with the incident. Secondly, the record reveals the beating lasted for several hours which certainly does not support a case of mere offensive or provocative contact.

■ Finally, defendant contends Instruction 5 failed to advise the jury of the range of punishment as provided in MAI–CR 2d 19.02. This point is also without merit. Section 557.036.2 RSMo 1978 provides that the court shall assess the punishment if the state pleads and proves the defendant is a persistent offender as defined in § 558.016 RSMo 1978. Defendant in this case was found to be a persistent offender and the court was correct in submitting an instruction with no range of punishment.

■ Defendant next contends the court erred in allowing the state to elicit testimony concerning an incident three days after the assault. Specifically, a Detective Rahn testified that on the day they arrested the defendant, he saw a large framed nickel and stainless steel revolver in his hand. Rahn then told his partner and they both jumped off the porch. When they reached the rear of the house they saw the defendant leaving and Rahn fired his weapon three times. The gun was never found. Defendant argues this was evidence of a separate crime and therefore inadmissible. While this is normally the case, if such proof has some legitimate tendency to directly establish the guilt of an accused upon the charge for which he is standing trial, it is admissible. *State v. Barnett*, 611 S.W.2d 339 (Mo.App.1981). Moreover, evidence of other crimes is also admissible to prove motive, intent, common scheme, a plan, or the identity of the person charged with the crime. *Id.* at 341.

■ The victim in this case testified that defendant not only had a big silver gun in his hand when he forced her from her apartment, but that he later hit her on the head with it. We believe the testimony was relevant to establish the identity of the accused as well as the availability to him of a means of committing the crime in the manner reported by the victim. See *State v. Cuckovich*, 485 S.W.2d 16, 23 (Mo. banc 1972). Furthermore, the evidence relating to the gun was brief and we cannot say severely prejudiced the jury. The admission of this evidence was within the discretion of the trial court and we find no abuse thereof. Point denied.

■ In his next point, defendant claims it was plain error for the court to permit evidence concerning defendant's previous assaults on the victim because such evidence of other crimes was highly prejudicial and irrelevant. The plain error doctrine should be used sparingly and is limited to cases where it is shown that manifest injustice or a miscarriage of justice would result if the rule were not invoked. *State v. Simms*, 643 S.W.2d 87, 90 (Mo.App.1982). Rule 30.20 V.A.M.R. The evidence of prior crimes introduced by the state was, at best, general in nature. But that is not the essential point. The rest of the record here is not the proverbial "cold record." The record is two volumes of detailed, vivid and startling evidence. On balance, this record compels the conclusion

that no manifest injustice or miscarriage of justice occurred at trial.

■ Defendant next contends the trial court erred in permitting the state during re-direct to elicit testimony concerning threats and bribes made by persons other than the defendant. If a person other than the accused threatens a witness, such statements are inadmissible unless it can be shown the threats were made by the defendant's request or with his consent and knowledge. *State v. Hicks,* 535 S.W.2d 308, 312 (Mo.App.1976). In this case, however, the statements concerning any threats or bribes were originally elicited by defendant's counsel and he cannot now complain about a line of questioning he initially put at issue. See *State v. Ratliff,* 633 S.W.2d 267, 271 (Mo.App.1982). Point denied.

■ Defendant further contends the court erred in admitting Exhibits 23 and 24 into evidence. First, he argues Exhibit 23, which was a Patricia Bellon's medical records from 1978 was not relevant to any fact in issue and that no foundation was presented linking those records to the victim. The record reveals the victim testified she had been hospitalized under the name Carol Bellon, due to previous beatings inflicted by the defendant. She also testified she did not indicate at that time who had beaten her. Hospital records revealed no admission of a Carol Bellon. However, there were records on a patient Patricia Bellon with the diagnosis as multiple injuries to the face, chest, shoulders, and upper back associated to a physical assault by a known assailant. Patricia Bellon is the victim's sister-in-law and testified she was not admitted to the hospital. Furthermore, the victim's mother was listed as the person who brought the patient to the hospital. While the connection between the records and the victim is tenuous, we do not find the trial court abused its discretion in admitting them into evidence. *State v. Pickett,* 642 S.W.2d 703, 706 (Mo.App.1982). In light of the victim's testimony concerning prior beatings along with that of her sister-in-law, the hospital records tending to corroborate the evidence are relevant, and the numerous discrepancies on dates, names and addresses would go to the weight and not the actual admissibility.

■ As to Exhibit 24 which was an inventory return from a search warrant, defendant complains it was improper extrinsic evidence. On direct examination, defendant testified that Detective Rahn arrived at his house claiming defendant had a large quantity of marijuana along with a machine gun, and proceeded to search the house without a warrant. Defendant claimed he did not have a weapon and had never had drugs in his home. As rebuttal evidence, the state introduced a search warrant and an inventory return for defendant's home, listing in part three bottles containing a substance believed to be marijuana, numerous capsules, pills, a shotgun, a .22 rifle, a military rifle, and drug paraphernalia. Defendant argues that a cross-examiner is bound by a witness's answers to question involving collateral matters bearing solely upon the witness's credibility. *State v. Charles,* 572 S.W.2d 193 (Mo.App.1978). However, in the instant case, the defendant himself during direct examination stated that he had neither guns nor drugs in his house, thus opening the door for the state's rebuttal evidence. See *State v. Dancy,* 541 S.W.2d 35, 37 (Mo.App. 1976). The precise scope of this rebuttal evidence is within the trial court's discretion, and we find the court did not abuse this discretion in admitting the exhibit in question. *State v. Cameron,* 604 S.W.2d 653 (Mo.App.1980).

■ Defendant also contends the trial court committed prejudicial error in admitting hearsay testimony. The controverted statement was that "she was crying in the back." Defendant claims this was offered as proof the victim was indeed crying in the defendant's backyard, thus constituting hearsay. It is well settled that the testimony of a witness regarding introduction into evidence of an out-of-court statement offered as proof of the matter asserted therein is improper. See *State v. Harris,* 620 S.W.2d 349, 355 (Mo. banc

1981). There is a distinction, however, between the hearsay rules prohibiting a witness from relating another person's statement for its intrinsic truth and a witness's relating another person's declaration for the evidentiary fact that the statement was made. *State v. Foley*, 629 S.W.2d 401, 402 (Mo.App.1981). We believe the statement here was admitted to establish the reason the defendant's brother went outside and eventually found the victim and not the fact she was crying. Moreover, the statement itself is not so prejudicial to persuade us to find it reversible error. The fact that she was crying in the back does not necessarily place her at the defendant's residence. Point denied.

 Appellant contends that he was denied the presumption of innocence due a defendant in a criminal trial because the court allowed him to appear before the jury clothed in his prison garb on the first day of trial. This point is without merit. It is well established that a prisoner cannot be compelled to appear in court in identifiable prison clothing. To compel an accused to display himself to the jury in attire readily identifiable as prison dress, disparages the presumption of innocence and impairs a fair trial. *Estelle v. Williams*, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976); *State v. Lewis*, 633 S.W.2d 110 (Mo.App.1982). However, in this case we are unable to find from the record any compulsion by the court for the defendant to wear such attire. He was given sufficient notice of the trial date and failed to obtain his personal clothing. Furthermore, there are no markings that would identify the clothes as prison garb. Finally, the failure to object to defendant's attire for whatever reason is sufficient to negate the presence of a constitutional violation.

Defendant next claims the court committed plain error in sustaining objections to questions directed to the victim since such questions were designed to test her credibility. Again, we review cases under the plain error doctrine if failure to do so would result in a miscarriage of justice.

*State v. Simms*, 643 S.W.2d at 90. We find no such error here. Defendant specifically complains the court on three separate occasions limited the scope of cross-examination intended to impeach state's witness Bellon.

 Absent a clear abuse of discretion an appellate court will not fault the trial court's ruling limiting the admission of evidence. *State v. Jones*, 629 S.W.2d 589, 591 (Mo.App.1981). Defendant's questions concerning her use of angel dust with a specific person, her use of an assumed name, and her involvement in a shooting incident were clearly intended to divert the jury's attention from the issue of the assault in the instant case. First, having admitted the previous use of angel dust, whether she had used it with a named person is irrelevant to her credibility. Secondly, it is generally improper to question a witness about an assumed name because it is an impeachment tending to degrade the witness and is normally understood as evidence of a bad general reputation. *State v. Amos*, 490 S.W.2d 328, 331 (Mo.App.1972). Finally, the admissibility of specific acts of misconduct is initially one of discretion to be exercised by the trial judge. *State v. Brown*, 604 S.W.2d 10, 15 (Mo.App.1980). Point denied.

 Defendant again alleges the court committed plain error in allowing the prosecutor during opening arguments to make erroneous statements concerning the victim because they were prejudicial and the prosecutor could not prove them. In order to preserve for appellate review any complaints of improper jury arguments, defendant must make his objections at the time the arguments are made. *State v. Higgins*, 619 S.W.2d 94, 95 (Mo.App.1981). Accordingly, defendant again asks us to review this under plain error. Rule 30.20 V.A.M.R. The court in *State v. Browner*, 587 S.W.2d 948, 953 (Mo.App.1979) set forth the standards for opening statements:

"The scope and extent of the opening statement is largely within the discretion of the trial court, and the trial court must necessarily rely on the good faith of counsel in making their opening statements to a jury as to material facts they intend to prove. The mere fact that no evidence is adduced as to some of the precise facts related to the jury in the opening statement is not sufficient to constitute error so prejudicial as to require the reversal of a conviction except where it can be established, directly or by inference, that counsel making such statement had not intended to or knew that he could not, produce testimony to support such statement when made."

 We find the trial court was well within its discretion in permitting the prosecutor's opening statements concerning the victim's length of stay in the hospital and her knowledge of guns. Moreover, the jury was read MAI–CR 2d 2.02 informing them that opening statements are not evidence. We find no manifest injustice.

Finally, defendant raises several points in a pro se brief concerning the sufficiency of the information, an improper instruction, and failure to establish beyond a reasonable doubt defendant was a persistent offender, all of which he asks us to review as plain error. Rule 30.20 V.A.M.R.

 Our review of defendant's points and the record reveals first, that the indictment and information sufficiently apprised him of the crime with which he was being charged, secondly, Instruction 5 submitted the elements necessary to find first degree assault, and third, that the identity of first and last names authorizes a finding that defendant was the person previously convicted. See *State v. Newhart*, 503 S.W.2d 62, 67 (Mo.App.1973); *State v. McMillan*, 593 S.W.2d 629 (Mo.App.1980).

Judgment affirmed.

SATZ, J., and THOMAS F. McGUIRE, Special Judge, concur.