**STATE of Missouri, Respondent,**

v.

**Phillip T. LUPO, Appellant.**

**No. 47108.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Juaquin (Jack) Gallego, Lee R. Elliott, Troy, for appellant.

John Ashcroft, Atty. Gen., Debroah Neff, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction of conspiracy to steal by deceit. Defendant was sentenced as a prior offender to five (5) years imprisonment. We affirm.

A jury found the defendant agreed with one McKinnon one or both of them would steal agricultural chemicals by deceit. Pursuant to their agreement, McKinnon, on January 12, 1982, obtained chemicals by deceit from Niemeyer Tractor and Farm Supply, located in Bowling Green, Missouri. McKinnon delivered these chemicals to defendant for defendant to sell. Defendant does not question the sufficiency of the evidence.

Defendant raises 10 points on this appeal. In point one, he asserts the trial court erred in granting the state leave to file an amended information charging defendant as a prior offender. Defendant asserts there was no competent evidence the prior offense was a felony, and no evidence defendant was represented by counsel at the prior proceedings. Defendant has not preserved this point for review. Defendant did not object to the trial court's finding he was a prior offender when that finding was made. *State v. Borden,* 605 S.W.2d 88, 90 (Mo. banc 1980). Defendant did not object to the finding he was a prior

offender when allocution was granted. *State v. Tate,* 657 S.W.2d 727, 728 (Mo.App. 1983). Finally, defendant failed to include this point in his motion for new trial. *State v. Davis,* 639 S.W.2d 866, 868 (Mo. App.1982). In any event, there was no error because defendant did not contend, and makes no contention now, the prior conviction was not a felony, or that he was not represented by counsel at the prior proceedings.

■ In point two, defendant asserts the trial court erred by orally instructing the jury defendant was charged with "stealing by deceit," when defendant was charged with *"conspiracy* to steal by deceit." This point has not been preserved for review because defendant failed to include it in his motion for new trial. *State v. Johnson,* 537 S.W.2d 816, 819 (Mo.App. 1976). Prior to voir dire, the trial court inadvertently told the jury defendant was charged with stealing by deceit. Defendant did not object. The trial court gave the jury a proper written instruction at the close of trial. We find only harmless error in the inadvertent statement of the trial judge.

■ In point three, defendant asserts the trial court erred by unduly restricting his cross-examination of state witnesses. This point was not preserved for review because defendant failed to include it in his motion for new trial. *State v. Clark,* 652 S.W.2d 123, 128 (Mo. banc 1983). In addition, defendant failed to make an offer of proof when the prosecutor's objection was sustained. *State v. Bell,* 632 S.W.2d 68, 70 (Mo.App.1982). In any event, our reading of the transcript convinces us the cross-examination was not unduly restrictive.

■ In point four, defendant asserts the trial court erred in declaring a state's witness hostile and subject to cross-examination. Defendant did not preserve this point because he did not include it in his motion for new trial. In addition, defendant failed to object when the state request-

ed the witness be declared hostile. *State v. Graves,* 588 S.W.2d. 495, 499 (Mo. banc 1979). In order for a party calling a witness to treat that witness as hostile, the witness must, by reason of inconsistent statements, surprise the party asking the questions, and the answer given must state facts which in effect make the witness a witness for the other side. *State v. Armbruster,* 641 S.W.2d 763, 767 (Mo.1982). Here, the witness attempted to evade answering the state's questions, and she contradicted her earlier written statements. The transcript shows no error in declaring this witness to be hostile. *See State v. Taylor,* 324 S.W.2d 643, 647–48 (Mo.1959).

■ In point five, defendant asserts the trial court erred in allowing the state to question the hostile witness about alleged threats and other bad acts committed against the witness by defendant. The state properly recognizes defendant's point preserves nothing for review, since the point and the argument portion relating thereto are not in compliance with Rule 30.06. In addition, defendant did not include this point in his motion for new trial, and our reading of the transcript convinces us this point has no merit.

■ In his sixth point, defendant asserts the trial court erred in barring the testimony of two defense witnesses as a sanction for defendant's failure to comply with Rule 25.05. These witnesses were to testify as to the reputation of McKinnon. The state requested disclosure of witnesses ten months prior to trial. Defendant did not respond. The trial court refused to permit defendant's two character witnesses to testify. Rule 25.16 authorizes the trial court to exclude the testimony of witnesses whose identity has not been properly divulged pursuant to a request for discovery. The sanction imposed lies within the discretion of the trial court, and will be disturbed on appeal only when the sanction results in a fundamental unfairness to the defendant. *State v. Harris,* 664 S.W.2d 677, 680 (Mo.

App.1984). Here, there was no unfairness because defendant sufficiently established McKinnon's reputation at trial.

■ In his seventh point, defendant asserts the trial court erred by allowing statements of a co-conspirator to be introduced before the conspiracy was proved. *See Glover v. State,* 528 S.W.2d 507, 509 (Mo.App.1975). At trial, defendant did not object to this testimony. Defendant did not include this point in his motion for new trial. While it is true the testimony of the co-conspirator's statements came prior to evidence the conspiracy in fact existed, this order of proof does not amount to a manifest injustice under Rule 30.20.

■ In point eight, defendant asserts the trial court abused its discretion in permitting on-going prosecutorial misconduct. Defendant failed to object to any of the' alleged errors at trial, and failed to include this point in his motion for new trial. We decline to rule on this point under Rule 30.20.

■ In his ninth point, defendant asserts the trial court abused its discretion in allowing the state to impeach defendant by inquiring into his prior arrest and conviction. Defendant has not preserved this point for review. Defendant did not object to the questions. *State v. King,* 588 S.W.2d 147, 150 (Mo.App.1979). In addition, defendant failed to include this point in his motion for new trial. Our reading of the transcript convinces us there was no manifest injustice. Rule 30.20.

■ Finally, defendant asserts he was denied effective assistance of counsel. This point can best be reviewed in a Rule 27.26 proceeding. *State v. Linhart,* 649 S.W.2d 530, 532–33 (Mo.App.1983). We decline to rule on this point.

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concur.