**STATE of Missouri, Respondent,**

v.

**Andrew Michael PETRECHKO, Appellant.**

**No. 57251.**

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John Cosgrove, Kansas City, of counsel.

STOCKARD, Commissioner.

Andrew Michael Petrechko was found guilty by a jury of assault with intent to rape and he has appealed. The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

Appellant first contends that the evidence was insufficient to authorize a finding of the required intent.

A jury reasonably could find that on the evening of March 9, 1970, appellant approached Barbara Mattox as she alighted from her automobile, obstructed her path, and told her to get into his automobile. When she was slow in complying, appellant told her to get into his automobile or he would shoot her, and she saw a gun in his hand. He pushed Miss Mattox toward his automobile and opened the door, but she kicked it closed and told appellant she would not get in the automobile. The two then started fighting, and appellant pushed Miss Mattox to the ground and fell on top of her, and kept telling her to get in his automobile. While appellant held Miss Mattox on the ground he repeatedly called her a bitch, and at one time he told her that if she did not get in the automobile "we'll just do it right [here]." Miss Mattox testified that she "told him that he couldn't rape me and he said, 'why' and just kind of froze and I told him." When Miss Mattox rolled over on her stomach, appellant struck her on the back of her head with the butt of his gun. She then pretended that she had been knocked out, and when appellant lifted her to her feet she attempted to break away. A fight again occurred, and appellant again knocked her to the ground. When Miss Mattox screamed appellant struck her twice on the head with his gun. He told her that the only way she could get him to stop hitting her was to get in his automobile, and he hit her hard enough that she was scared. She then agreed to get in the automobile, and she intended to get out and run when he walked around to the driver's side. However, he held onto her and climbed over her to the driver's seat. Appellant then drove away while holding Miss Mattox by the neck and across her mouth. He stopped behind a closed gasoline service station and pulled Miss Mattox down in the seat. An employee of the service station was there working on an automobile,

and appellant realized that he had been seen. Miss Mattox then asked appellant to let her go, and she told him that because of the blood from her head she could not see. She was allowed to leave the automobile, and appellant drove away.

Appellant denied the assault, and stated that at the time of the attack he was with a friend.

■ In determining the sufficiency of the evidence to support a conviction, it is our duty to view the evidence in the light most favorable to the State, to accept all substantial evidence and all legitimate inferences fairly deductible therefrom which tend to support the verdict, and to reject contrary and contradictory evidence. State v. Selle, Mo., 367 S.W.2d 522.

■ "It is the unusual situation when there is direct evidence of the intent of a person charged with [an assault]. Intent may and generally must be established by circumstantial evidence, for as a rule it is not susceptible of direct proof." State v. Chevlin, Mo., 284 S.W.2d 563, 566. When we consider the evidence in this case, we find that it was sufficient to submit to the jury the issue of whether appellant committed the assault with an intent to rape. Appellant stopped Miss Mattox and directed that she enter his automobile. When she refused he made a vicious assault on her, knocked her to the ground, and told her that if she did not enter the automobile "we'll just do it right [here]." Appellant necessarily had some intent in making the assault, and when all the evidence and the reasonable inferences are considered, a finding that the assault was made with an intent to rape is clearly authorized. See State v. Selle, supra.

■ Appellant cites State v. Osborne, Mo., 246 S.W. 878; State v. Williams, 324 Mo. 179, 22 S.W.2d 649; State v. Fleming, Mo., 177 S.W. 299; and State v. Brown, Mo., 217 S.W.2d 546. In the Osborne case the defendant was found guilty of a common assault. The substance of the holding

in each of the other cases is that in a prosecution for assault with intention to rape there must be sufficient proof of an intention to have sexual relations despite any and all resistance. Each case must be ruled on its particular facts, and we need not review the facts of those cases. In this case, appellant attacked Miss Mattox with unusual savagery and struck her repeatedly with his gun after knocking her to the ground. He insisted that she leave with him in his automobile, and expressed his intent to ravish. The evidence need not establish the intent as a matter of law; it is sufficient that it authorizes such a finding by a jury. The fact that appellant realized that he had been seen by the person in the service station, and for that reason terminated his attack to prevent identification or capture, does not result in the evidence being insufficient to authorize a finding of the requisite intent.

Appellant's next contention is that the in-court identification of appellant by Miss Mattox was tainted by the lineup identification.

Miss Mattox gave a description to the police of the person who assaulted her. Several days later she attended a lineup but was unable to identify anyone. She testified that appellant was not in that lineup, and there is no evidence to the contrary. Six days later she viewed a second lineup and identified appellant as her attacker. Prior to trial appellant made a motion to suppress all evidence of identification. After a hearing the trial court overruled the motion, and found that "any in-court identification has not been tainted by any line-up identification." When Miss Mattox made an in-court identification of appellant, no objection was made.

Appellant admits that he signed a waiver consenting to the lineup without the presence of counsel, but he argues that he did so while he could have a lawyer present at the lineup, he was also told that "we have no way of giving you a lawyer but you can call one by phone for legal advice." Appellant asserts that Miranda v. Arizona,

384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, requires that he be advised that "if he is indigent a lawyer will be appointed to represent him."

 The requirements of the Miranda decision has not been extended to include the advice necessary to be given to a suspect prior to a lineup, and we decline to so extend it. Also, the lineup in this case was held before appellant was charged by indictment or information, and the presence of counsel was not required. Therefore, no advice concerning the right to presence of counsel was required. State v. Walters, Mo., 457 S.W.2d 817; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., and HENLEY and DONNELLY, JJ., concur.

O'LEARY, Special Judge, not participating.