STATE of Missouri, Respondent,

v.

Robert ROBINSON, Appellant.

No. 63573.

Supreme Court of Missouri,
Division No. 2.

Oct. 12, 1982.

Peter N. Sterling, Public Defender, Rolla, for appellant.

John Ashcroft, Atty.Gen., William K. Haas, Asst.Atty.Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Senior Judge.

Appellant Robert Robinson was convicted by a jury of Count I, assault in the first degree by means of a deadly weapon, § 565.050, RSMo 1978, and of Count II, carrying a concealed weapon, § 571.115, RSMo 1978. A life sentence was imposed for the assault, and a term of imprisonment of five years was imposed for the concealed weapon charge. The court entered judgment in accordance with the verdict and designated the sentence of imprisonment for a term of years to run consecutive to the sentence of life imprisonment. This appeal followed. Because of the sentence of imprisonment for life, appellate jurisdiction is in this Court. Mo.Const. art. V, § 3.

Appellant claims error in the instruction submitted to the jury on assault in the first degree, and in the failure of the trial court to submit six instructions tendered by him on assault in the second degree and assault in the third degree. We affirm.

From the evidence the jury reasonably could find beyond a reasonable doubt the following. On July 6, 1981, Trooper B.J. Matthews of the Missouri State Highway Patrol stopped his vehicle on Highway 63 in Phelps County. He had observed a car on the shoulder of the road and a male, later identified as appellant, outside the car urinating in the ditch. Matthews motioned for appellant to come over to him and, after he had done so, the officer asked appellant for identification. Appellant said his identification was in his automobile and he would get it. Appellant returned to his automobile, opened the driver's door, rummaged around the driver's area, and then came out with a small brown bag. As appellant came back across the roadway, he reached into the bag and said, "Here's my license." Trooper Matthews could not see what appellant was reaching for, but he knew "something was coming," so he "went for" appellant. Appellant pulled a handgun out of the bag and stuck it in Matthews' chest. While Matthews and appellant struggled over the gun, it was fired and the bullet hit Matthews a couple of inches above his beltline. Appellant then "went for" Trooper Matthews' service revolver and the men struggled over it. Matthews turned his gun toward appellant but it would not fire because of the strap holding it. He told appellant that he would fire if appellant did not give up his firearm and appellant said, "All right, I give."

About this time, James Coats was driving by on Highway 63 and observed the struggle between appellant and Matthews. He arrived at the scene and twisted the gun out of appellant's hand.

Appellant contends the trial court erred in submitting the instruction on first degree assault because it failed to require the jury to find beyond a reasonable doubt that he acted with a culpable mental state as required by § 565.050, RSMo 1978, and because the instruction required the jury to find that he had attempted an offense without defining such offense.

Appellant's contention is without merit. The first degree assault instruction as submitted, correctly patterned after MAI–CR 2d 19.02, hypothesized that if the jury found from the evidence beyond a reasonable doubt that appellant "attempted to kill or cause serious physical injury to B.J. Matthews by shooting him," then the jury should find appellant guilty of assault in the first degree. This instruction follows the language of § 565.050, RSMo 1978, which provides in pertinent part: "A person commits the crime of assault in the first degree if: ... (2) He attempts to kill or to cause serious physical injury to another person; ...."

■ A definition of "attempt or attempted" was submitted to the jury in Instruction No. 5. By this instruction the jury was told that an attempt is "[t]he doing of any act, with the purpose of committing an offense, which is a substantial step towards the commission of the offense." See MAI–CR 2d 33.01. Thus, the jury was informed that an assault in the first degree by means of a deadly weapon was to be found if appellant acted *with the purpose* to kill or to cause serious physical injury to Trooper Matthews. The culpable mental state was thereby submitted to the jury. No error can be found in the submission of the offense of assault in the first degree when the instruction is read in conjunction with the other instructions, as must be done. *State v. Gotthardt*, 540 S.W.2d 62 (Mo. banc 1976).

■ Appellant's second point is equally without merit. The trial court properly instructed the jury on assault in the second degree and assault in the third degree. A defendant is entitled only to instructions on lesser included offenses supported by the evidence. *See State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982). The six instructions tendered by appellant submitting assault in the second degree and assault in the third degree were not supported by the evidence.

For example, appellant's tendered instruction No. A hypothesized that if the jury found from the evidence beyond a reasonable doubt that he "attempted to cause physical injury" to Trooper Matthews by means of a deadly weapon, then the jury should find him guilty of assault in the second degree. Such submission was not supported by the evidence in that the evidence showed a completed act. Appellant's other tendered instructions suffer the same infirmity.

The judgment is affirmed.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.