**STATE of Missouri,
Plaintiff-Respondent.**

v.

**Dale UNVERZAGT,
Defendant-Appellant.**

**No. 14359.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 23, 1986.

Jon Van Arkel, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of assault in the first degree, § 565.050,[1] and he was sentenced to 10 years' imprisonment. Defendant appeals.

Defendant's first point is that the evidence is insufficient to support the verdict and that the trial court erred in overruling his motion for judgment of acquittal made at the close of all the evidence. More specifically, defendant asserts that the state "failed to establish that defendant attempted to kill or cause serious physical injury to Russell Hill or that defendant pulled the trigger of a gun pointed at Russell Hill."

In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the verdict, and reject contrary and contradictory evidence. *State v. Petrechko*, 486 S.W.2d 217, 218[1] (Mo.1972). All evidence unfavorable to the state must be disregarded. *State v. Summers*, 506 S.W.2d 67, 69[1] (Mo.App. 1974).

Viewed favorably to the verdict, the evidence showed that on July 8, 1984, Russell Hill, Sheriff of Dallas County, and his deputy, Kenneth Jensen, arrested the defendant who was with a companion, Johnnie Garcia. At the request of the defendant, the four men went to defendant's house in Dallas County so that defendant could pick up some clothes. While Garcia and Jensen remained in the living room, Sheriff Hill accompanied defendant to a back room where the clothes were.

---

**1.** Unless otherwise indicated, all references to     statutes are to RSMo 1978, V.A.M.S.

Sheriff Hill testified that defendant reached up to get the clothing off the wall. The clothing fell "down the side of the wall" and defendant "turned to pick up the clothing." When defendant "raised back up" he had a .357 revolver in his hand. Defendant pointed the gun at Sheriff Hill and Hill said, "Hey, don't do anything foolish." Defendant said, "You're dead, man."[2] Defendant pulled the trigger "twice for sure right fast. Could have been three times, but two times for sure." Sheriff Hill yelled to Jensen to get some help and then Hill scuffled with defendant and subdued him.

On cross-examination Sheriff Hill testified that defendant was about four feet away when defendant pointed the gun at Hill. Sheriff Hill also testified that defendant's gun did not fire and that it was not loaded.

Deputy Jensen testified that after Sheriff Hill and defendant entered the back room he heard defendant yell, "You're dead, man, you're dead," and he heard the sound of a trigger on a gun being pulled. After summoning help by use of the patrol car radio, Jensen reentered the house and saw that Sheriff Hill had the defendant under control.

Section 565.050.1 defines assault in the first degree. On the date of the instant occurrence, that statute, which was later amended, read, in pertinent part:

"1. A person commits the crime of assault in the first degree if:

(1) . . .; or

(2) He attempts to kill or to cause serious physical injury to another person; or

(3) . . ."

Instruction 6 told the jury that the term "serious physical injury," [as used in Instruction 5, which submitted the case under § 565.050.1(2) ], "means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the functions of any part of the body." That definition is set forth in § 556.061(26), as amended. Laws 1983, p. 923.

Defendant's first point states that the state failed to establish "that defendant pulled the trigger of a gun pointed at Russell Hill." That statement not only has no factual support but is inconsistent with the testimony of Sheriff Hill and Deputy Jensen.

Did the state's evidence permit a finding that defendant "attempted to kill or to cause serious physical injury to" Sheriff Hill? Defendant pointed a .357 revolver at Sheriff Hill and pulled the trigger two or three times. When doing so, defendant made the statement, "You're dead, man," or "Man, you're going to die." The gun was in fact unloaded[3] but the foregoing statements of defendant permitted the jury to find that defendant believed it was loaded.

Although the jury was entitled to find that defendant believed the .357 revolver was loaded, the evidence shows that it was unloaded and defendant's belief was mistaken. "A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact or law unless such mistake negatives the existence of the mental state required by the offense." § 562.031.1. "[A]n assault in the first degree by means of a deadly weapon was to be found if appellant acted *with the purpose* to kill or cause

---

**2.** Sheriff Hill also gave the following testimony: "When he reached down to get the shirts he also came up with a revolver in his hand and said, 'Man, you're going to die.'"

Sheriff Hill was not asked by either side if he, Hill, knew that the revolver was unloaded at the time defendant pointed it at him. The record creates the clear inference that Hill did not know the gun was unloaded and only learned that after defendant pulled the trigger and the gun failed to fire. Hill, himself, was armed, and it seems likely that he would not have scuffled with defendant if he had known at that time that the .357 revolver was unloaded. Defendant makes no claim that there was any evidence justifying the inference that Hill knew or believed that the revolver was unloaded.

**3.** See, generally, 79 A.L.R. 1412 (Fact that gun was unloaded as affecting criminal responsibility).

serious physical injury to Trooper Matthews." *State v. Robinson*, 639 S.W.2d 823, 824[1] (Mo.1982). (Emphasis in original.)

Section 556.061(10) reads: " 'Deadly weapon' means any firearm, *loaded or unloaded*, or any weapon from which a shot, readily capable of producing death or serious physical injury may be discharged, or a switchblade knife, dagger, billy, blackjack or metal knuckles." (Emphasis added.)

A person who points a .357 revolver, believing it to be loaded, at another person four feet away and pulls the trigger two or three times is, so the jury was entitled to find, attempting to kill or cause serious physical injury to the other person. This court holds that the evidence was sufficient to support the verdict. Defendant's first point has no merit.

■ Defendant's second point is that the trial court erred in failing to give, at defendant's request, Instruction C and Instruction D, material portions of which are set out below.[4] It is defendant's position that the evidence offered by defendant supported the submission of each of the instructions.

Defense witness David Franklin testified that he and defendant were joint owners of the .357 revolver and that on July 4, "we shot up all the shells for that gun." The witness was not present at the July 8 occurrence.

Defense witness Johnnie Garcia testified that there were no shells or ammunition in defendant's house and that on July 7 he and defendant had attempted, unsuccessfully, to obtain ammunition for the .357 revolver.

Defendant argues that the foregoing evidence, if believed by the jury, supported the inference that defendant knew the revolver was not loaded at the time he aimed it at Sheriff Hill and pulled the trigger. It is unnecessary to determine the validity of that argument for the reason that, under the circumstances here, the trial court was under no duty to give either Instruction C or Instruction D.

"[A] defendant may not complain about a court's failure to give a lesser offense instruction unless the defendant requests it specifically, except in the homicide cases which are governed by a different standard." *State v. Olson*, 636 S.W.2d 318, 322–323[9] (Mo. banc 1982). Here defendant did request the two instructions.

Section 565.070 reads, in pertinent part:

"A person commits the crime of assault in the third degree if:

\* \* \* \* \* \*

(3) He purposely places another person in apprehension of immediate physical injury; or

(4) He recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or

. . ."

Instruction C is purportedly based on § 565.070.1(4) and Instruction D is purportedly based on § 565.070.1(3).

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 556.046.2. "The defendant is

---

4.

INSTRUCTION C

If you find and believe from the evidence beyond a reasonable doubt:
That on or about July 8, 1984 in the County of Dallas, State of Missouri, the defendant recklessly created a grave risk of death to Russell Hill by pointing a gun at him and pulling the trigger two or three times
then you will find the defendant guilty of assault in the third degree.

.   .   .   .   .

INSTRUCTION D

If you find and believe from the evidence beyond a reasonable doubt:
That on or about July 8, 1984 in the County of Dallas, State of Missouri, the defendant purposely placed Russell Hill in apprehension of immediate physical injury by pointing a gun at him and pulling the trigger two or three times,
then you will find the defendant guilty of assault in the third degree.

.   .   .   .   .

only entitled to an instruction on a lesser offense if it is supported by the evidence." *State v. Green,* 674 S.W.2d 615, 620[4] (Mo. App.1984).

"Generally, the use of a deadly weapon in the perpetration of an assault precludes the possibility of a conviction of assault in the third degree." *State v. Manning,* 664 S.W.2d 605, 608[6] (Mo.App.1984). See also *State v. Zismer,* 696 S.W.2d 349, 354[7] (Mo.App.1985).

Assuming, arguendo, that defendant's evidence supported the inference that defendant knew the revolver was unloaded, did his conduct in pointing it at Sheriff Hill, who was standing four feet away, and pulling the trigger, constitute "recklessly creating a grave risk of death to Russell Hill?" It is at least arguable that that conduct alone created no risk at all because the revolver was unloaded. If the conduct created no risk, grave or otherwise, there was no evidentiary basis on which to submit Instruction C.

It might be argued, however, that the conduct ascribed to defendant by Instruction C created a grave risk of death because it might have induced Sheriff Hill to have a heart attack or because defendant might have been wrong in believing the revolver was unloaded. Even if that argument be accepted, and a grave risk of death to Hill was in fact created, Instruction C was still not supported by the evidence because defendant's conduct in creating that type of risk was intentional, not reckless, and there was no evidence otherwise. It follows that the trial court properly refused to give Instruction C because there was no evidence that defendant *recklessly* created a grave risk of death to Russell Hill.

With respect to Instruction D, it is true that defendant purposely placed Russell Hill in apprehension of immediate injury, but that injury was not merely "physical injury" as Instruction D hypothesizes, but was in fact "serious physical injury," as defined in Instruction 6, quoted earlier in this opinion. "The natural consequence of using a deadly weapon is, at the very least, great or serious bodily harm." *State v. McBurnett,* 694 S.W.2d 769, 772 (Mo.App. 1985); to the same effect see *State v. Heitman,* 613 S.W.2d 902, 906[11] (Mo.App. 1981).

The injury inflicted by a .357 revolver at a range of four feet was the type of injury, and the only type of injury, of which Russell Hill was placed in apprehension. Since there was no evidence that the apprehended injury was merely "immediate physical injury", as distinguished from "immediate serious physical injury," Instruction D was not supported by the evidence. See *State v. Ellis,* 639 S.W.2d 420, 422 (Mo.App.1982). It follows that the trial court properly refused to give Instruction D. Defendant's second point has no merit.

The judgment is affirmed.

GREENE and MAUS, JJ., concur.

TITUS, J., disqualified.