**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Wilbur Alvie SUTTON,
Defendant–Appellant.**

No. 15779.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 25, 1989.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Kevin K. Anderson, Harrisonville, for defendant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before FLANIGAN, P.J., and HOGAN and MAUS, JJ.

FLANIGAN, Presiding Judge.

The trial court, after a nonjury trial, found defendant Wilbur Sutton guilty of receiving stolen property having a value of at least $150, § 570.080,[1] and he was sentenced to three years' imprisonment. Execution of the sentence was suspended and the defendant was placed on probation for five years, based on certain conditions. Defendant appeals.

Defendant's sole point is that the evidence is insufficient to support the conviction in that the state failed to prove that the defendant possessed the requisite knowledge or belief that the property had been stolen.

The findings of the trial court in a jury-waived criminal case have the force and effect of a verdict of a jury. Mo. Const. art. I, § 22(a); *State v. Northern,* 472 S.W.

2d 409, 411[3] (Mo.1971). In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the finding of guilt, and reject contrary and contradictory evidence. *State v. Petrechko,* 486 S.W.2d 217, 218[1] (Mo. 1972). All evidence unfavorable to the state must be disregarded. *State v. Unverzagt,* 721 S.W.2d 786 (Mo.App.1986).

"A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." § 570.080.1.

"Knowledge or belief of the stolen character of goods is seldom directly proved and is usually inferred from the facts and circumstances in evidence." *State v. Robinson,* 752 S.W.2d 949 (Mo.App.1988); *State v. Bauers,* 702 S.W.2d 896, 898[1] (Mo.App.1985). "Possession of recently stolen property is a circumstance which the jury may consider with other facts and circumstances in determining the alleged receiver's mental state." *State v. Robinson, supra,* at 951; *State v. Bauers, supra,* at 898.

Section 570.080.2 lists three distinct factual situations, each of which is admissible to prove the requisite knowledge or belief of the alleged receiver. That listing, however, is non-exclusive and "broadens and does not narrow or limit the scope of circumstances which may be found relevant and material to the issue." *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985). "[S]uspicious conduct, deceptive behavior, and other facts and circumstances can be considered in determining whether it would be reasonable for a jury to find defendant knew or had reason to believe the property was stolen." *State v. Sours,* 633 S.W.2d 255, 258[2] (Mo.App.1982). See also *State v. Taylor,* 691 S.W.2d 379, 382[4] (Mo.App. 1985).

---

**1.** All references to statutes are to RSMo, 1986, V.A.M.S.

The property described in the information consisted of the following:

"Box assorted quick change gears, extra tall engine work stand, 2 post drills, 8 pound cast iron maul, DeBelvious spray gun, Boring bar with box of cutters, in car crank shaft grinder, metal closet, 3 sheets wood paneling, box of valve reaming tools."

The information also charged that the described property had a value "of at least $150." Defendant does not challenge the sufficiency of the state's evidence with respect to proof of value.

The owner of the property described in the information was Howard Eubanks, who owned a 65–acre farm in St. Clair County. Eubanks, who lived in Jackson County, testified that around December 25, 1986, he discovered that various articles were missing from his farm and reported the matter to the sheriff.

On January 13, 1987, deputy sheriff Don Johnson, with a search warrant, searched defendant's premises in St. Clair County. There Johnson found all of the items described in the information. The state's evidence showed that the value of the "box assorted quick change gears" alone was worth $900. Deputy Johnson also found on the defendant's premises, during the same search, 17 other articles which Eubanks identified as his property. Eubanks testified that defendant had no authority to be in possession of any of Eubanks' articles.

Richard Gardner, a witness for the state, testified that on December 20, 1986, he traded tractors with defendant. The tractor, Exhibit 22, which Gardner received in that trade was later impounded by the police. When that happened, Gardner called defendant and told him that the police had taken the tractor because "it was hot." Defendant said, "Come and get yours then," and, according to Gardner, said nothing else. Defendant returned to Gardner the tractor which defendant had received in the trade. Eubanks identified Exhibit 22 as his tractor.

State's witness Harry Meggitt testified that in the latter part of 1986 defendant traded Meggitt a Jeep in exchange for a satellite system. A few days later, according to Meggitt, some "officers" from Nevada came down and thought the Jeep might be stolen. After that visit Meggitt had a talk with defendant in which defendant told Meggitt "not to worry about losing it because he knew for a fact it was not stolen."

This court holds that the foregoing testimony is sufficient to permit a finding that defendant possessed the requisite knowledge or belief that the property described in the information was stolen.

Exhibit 22, the tractor owned by Eubanks, was stolen from the same farm from which the articles described in the information were stolen. Gardner's testimony with regard to Exhibit 22 is significant on the issue of defendant's knowledge. Defendant's failure to deny to Gardner, in the telephone call, that the tractor "was hot," and his failure to offer any explanation for that fact brings his conduct within the scope of the "tacit admission rule." That rule is described in *State v. Samuel*, 521 S.W.2d 374, 375 (Mo. banc 1975) as follows:

"As a general rule, when a statement tending to incriminate one accused of committing a crime is made in his presence and such statement is not denied, contradicted, or objected to by him, both the statement and the fact of his failure to deny are admissible in a criminal prosecution against him, as evidence of his acquiescence in its truth—that is, as a tacit admission of the facts stated—or as indicative of a consciousness of guilt."

The court also said:

"In Missouri, the scope of the rule has been more limited than in many states. The following conditions must be met in Missouri in order to render the rule operative: (1) the statement must be made in the presence and hearing of the accused.... (2) the statement must be sufficiently direct, as naturally would call for a reply.... and (3) the statement must not have been made at a judicial proceeding, or while the accused was in custody or under arrest." (Citing authorities.)

Gardner's statement to defendant that the tractor "was hot" was "sufficiently direct, as naturally would call for a reply." Gardner testified that "I just called him up," and the reasonable inference is that defendant was home when that conversation took place. That inference is aided by defendant's statement to Gardner, "Come and get yours." The "conditions" enumerated in *Samuel* are met.

The incident involving Harry Meggitt and the defendant indicates that at least on that occasion defendant was quick to deny that property was stolen when he knew it was not. This adds significance to his conduct during his conversation with Gardner. Defendant's point has no merit.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

Albert D. Johnston, Johnston & Carlton, Carthage, for respondent-appellant.