**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ahmed ELAM, Defendant–Appellant.**

**No. 55732.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 10, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied Dec. 12, 1989.

Talat M. Khan, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

The court, in a jury-waived trial, convicted defendant of first degree assault, § 565.050, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986, and sentenced him to two concurrent terms of ten years' imprisonment. He appeals; we affirm.

The state's evidence at trial was that the victim, an off-duty police officer, was at the apartment of one of defendant's neighbors; the neighbor entered the apartment and defendant followed her; she requested him to leave and he complied; defendant returned a couple of minutes later and sat

next to the victim on a couch; defendant put his arms around the victim and asked him how he was doing; the victim asked defendant, "You all right?"; defendant did not reply and departed again after the neighbor asked him to go; roughly a minute later defendant returned with a gun, entered the apartment, pointed the gun towards the victim and pulled the trigger four times; the gun discharged twice, one bullet wounding the victim. Two experts, one for the state and one for defendant, both determined that at the time of the shooting defendant was suffering from psychosis induced by his voluntary ingestion of Phencyclidine (PCP). Defendant testified he voluntarily had shared a marijuana cigarette which had been dipped in a solution of PCP with two friends shortly before the shooting. He attempted to rely on the defense of mental disease or defect at trial.

▌ After closing arguments the court stated that it would not have instructed a jury on the defense of mental disease or defect had the case been tried to a jury. The court observed, "[T]here was no testimony that the defendant was in a psychotic state prior to the ingestion of the drug on the day in question" and concluded,

I have come to the conclusion that the psychosis had to exist prior to the ingestion in order to qualify under the law that says if you've got alcohol plus a psychosis you can submit it.

If you have alcohol alone there is nothing to submit as a defense in the State of Missouri. I'm just saying that that's how I now view the law.

Defendant's principal point on appeal follows:

The trial court erred in holding that drug induced intoxication, even though it has resulted in psychosis at the time of commission of the crime, does not qualify as a mental disease or defect as defined by section 552.010 R.S.Mo. unless psychosis already existed before ingestion of the drug because the trial judge misinter-

preted the relevant statute and case law in that mental disease or defect as defined includes psychosis arising solely from drug intoxication.

Section 562.086, RSMo 1986, provides:

1. A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

2. The procedures for the defense of lack of responsibility because of mental disease or defects are governed by the provisions of chapter 552, RSMo.

Section 552.010, RSMo 1986, in pertinent part states: "The terms *'mental disease or defect'* do not include ... drug abuse without psychosis...." (Emphasis in original). However, § 562.076.1 provides:

A person who is in an intoxicated or drugged condition whether from alcohol, drugs or other substance, is criminally responsible for conduct unless such condition is *involuntarily* produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct.

(Emphasis ours). Section 562.076.1, RSMo 1986, embodies the common law rule that voluntary intoxication is never a defense to a criminal charge. *State v. Burroughs,* 729 S.W.2d 571, 575 (Mo.App.1987). Ingestion of a drug, or alcohol, because of an addiction, or compulsion, is not done involuntarily as that word is used in the statute. *Id. (citing State v. Bishop,* 632 S.W.2d 255 (Mo.1982)). Defendant's testimony that he ingested the PCP voluntarily prevents his assertion of a defense based on mental disease or defect resulting from the drug. Point denied.[1]

▌ Defendant's other point is a claim that the evidence was insufficient for the court to find he had the requisite mental state to be convicted of the crimes charged. First degree assault by attempting to kill has the mental element of acting purpose-

---

1. We note that voluntary intoxication was a defense to crimes requiring a mental state of purposely or knowingly until the General As-

sembly amended § 562.076 in 1984. *See State v. Burroughs,* 729 S.W.2d at 575 (discussing *State v. Gullet,* 606 S.W.2d 796 (Mo.App.1980)).

**718**

ly. *State v. Unverzagt,* 721 S.W.2d 786, 787–88 (Mo.App.1986) (construing predecessor statute § 565.050, RSMo 1978, and citing *State v. Robinson,* 639 S.W.2d 823, 824 (Mo.1982)). Armed criminal action, § 571.015, RSMo 1986, requires a culpable mental state of acting purposely, knowingly or recklessly. *State v. Miller,* 657 S.W.2d 259, 261 (Mo.App.1983). In determining the sufficiency of the evidence, we view all the evidence and inferences therefrom in the light most favorable to the state and disregard all contrary evidence and inferences. *State v. Nickerson,* 763 S.W.2d 716 (Mo.App.1989); *Unverzagt,* 721 S.W.2d at 786. We have reviewed the evidence with the above-stated law in mind, and we find defendant's point is without merit.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.