**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Malcolm HUNT, Defendant–Appellant.**

**No. 16085.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 22, 1989.

Lawrence N. Koeln, Centerville, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Malcolm Hunt guilty of stealing (§ 570.030.3),[1] a class C felony, and he was sentenced to a 15–day term in the county jail and a fine of $500. Defendant appeals.

Defendant's sole point is that the evidence is insufficient to support the verdict "because there was no evidence to support the finding that the defendant retained possession of the golf clubs for the 'purpose of using or disposing of it in such a way that made recovery by the owner unlikely.'"

Section 570.030.1 reads, in pertinent part: "A person commits the crime of stealing if he appropriates property ... of another with the purpose to deprive him thereof, ... without his consent ..." As used in § 570.030, as applicable here, "deprive" means "to withhold property from the owner permanently" or "to use or dispose of

property in a manner that makes recovery of the property by the owner unlikely." § 570.010(7)(a) and (c). Stealing is a Class C felony if the value of the property appropriated is one hundred fifty dollars or more. § 570.030.3(1).

In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the verdict, and reject contrary and contradictory evidence. *State v. Petrechko*, 486 S.W.2d 217, 218[1] (Mo.1972). All evidence unfavorable to the state must be disregarded. *State v. Unverzagt*, 721 S.W.2d 786 (Mo.App.1986).

The factual portions of the information charged that "during the month of September, 1987, in the County of Carter, State of Missouri, the defendant appropriated one (1) blue and white golf bag, 2 putters (one with a brass head), one (1) pair white Footjoy Golf shoes size 8½D, 7 to 10 irons, and 3 woods, of a value of at least one hundred fifty dollars, which said property was owned by William Wilen, and defendant appropriated such property without the consent of William Wilen and with the purpose to deprive him thereof."

The state's principal witness was William Wilen, the owner of the stolen articles. Defendant does not question the sufficiency of the evidence with respect to the identity of the stolen articles or the fact that their value exceeded $150.

Wilen testified that he owned a business in Carter County called Current River Vacation Club and that defendant worked for him as a salesman "during the fall of 1986 and the spring of 1987." In March or April 1987 Wilen "co-signed a car" with defendant to help defendant get a loan at a savings and loan institution. Defendant failed to make the payments on the note and the lender notified Wilen that the payments were delinquent.

Wilen testified that "in the summer of 1987" he owned the golf equipment described in the information. Asked whether

1. All references to statutes are to RSMo 1986, V.A.M.S.

he had ever lent his golf clubs to defendant, Wilen testified, "not to my knowledge." Wilen also testified that no one ever asked him "to take my golf clubs out of [Carter] County. I would not allow that." Wilen said he discovered his golf clubs were missing "some time after Labor Day." He also testified that at no time did he give defendant permission "to take my clubs to Sullivan."

In October 1987 Wilen succeeded in locating the car on which the loan had been made. Defendant was working in Sullivan and Wilen telephoned him there. Wilen told defendant that "the bank was dunning me for money because I was the co-signer." In October 1987, said Wilen, defendant "finally told me where the car was and I said I would come and get it. The motor was blown. Defendant told me it was on a side road and that's where we found it."

Wilen had the vehicle towed to a garage in Potosi. While it was there, a garage mechanic opened the trunk in Wilen's presence. The leather covers for three of the golf clubs, the "three woods" mentioned in the information, were covered with dust and lying in the trunk. Also in the trunk was Wilen's golf bag which "was unzipped and lying flat under the tire." Wilen recognized the club covers and the bag.

Following the discovery in the trunk, Wilen telephoned defendant. Wilen asked defendant if he had Wilen's clubs and defendant said, "Yes." Wilen recounted the rest of the conversation as follows: "I said, 'You stole my clubs.' He said, 'No, I didn't.' I said, 'You have them, haven't you?' He said, 'Yes, I do.' I said, 'You didn't have my permission, did you?' He said, 'No.' And I guess I got a little excited and I said, 'You stole 'em.' He said, 'I guess I did.' And that was the end of the conversation."

Wilen also said that defendant promised to bring the clubs to Wilen in Carter County on the following Tuesday, but did not do so. Wilen had "three or four contacts by phone with [defendant] after that—three promises to return the clubs. I told him I was going to do something to get the clubs back, to swear out a complaint, and he promised there was no need for that. He would get the clubs back. I never got the clubs back. Six weeks later I tried again. I went to the sheriff's department and told them what had happened and I made a complaint. Defendant never brought the clubs back to me. I offered to go to him. I told him to tell me where they were and I would go get them. He seemed reluctant to have me know where he was living. The only place I knew to contact him was the 800 number at his place of business. That's why I had to make so many calls to get him.... After defendant was arrested I got a phone call from Barbara.[2] Defendant was keeping them at his girl friend's house. At no time did I give permission to defendant to take my golf clubs or to retain possession of my golf clubs once I determined he had them."

The foregoing evidence was sufficient for the jury to find that the defendant appropriated the articles described in the information without the consent of William Wilen and with the purpose to deprive him thereof. The foregoing evidence was also sufficient for the jury to find that the defendant retained possession of the golf equipment for the purpose of using or disposing of it in such a way that made recovery by Wilen unlikely. Defendant's point has no merit.

The judgment is affirmed.

MAUS and PREWITT, JJ., concur.

---

2. *According to defendant's brief, "the defendant was arrested on November 18, 1987, and the golf clubs were delivered to the Sheriff of Carter County by a friend of defendant." The brief also says: "The property was returned by defendant's agent, albeit after defendant's arrest and incarceration."*