STATE of Missouri,
Plaintiff–Respondent,

v.

Tyrone RICHARDSON,
Defendant–Appellant.

No. 16342.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1990.

Janet M. Thompson, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Tyrone Richardson guilty of robbery in the first degree, § 569.020,[1] and armed criminal action, § 571.015, and he was sentenced to concurrent terms of imprisonment of ten years for the robbery and three years for armed criminal action. Defendant appeals.

Defendant's first point is that the evidence is insufficient to support the verdict, and the trial court erred in ruling otherwise, "because the evidence was insufficient to prove beyond a reasonable doubt that defendant forcibly stole $555 from Fuel Land Truck Stop with the use of a gun." Further, defendant claims the evidence is insufficient because Danny Ruark, the robbery victim, "could not identify defendant as the alleged perpetrator of the offense in his statement to the police immediately after the offense," and that Willie Richardson, a witness to some of the events at the Fuel Land Truck Stop, "in his statement to the police did not say that he had seen any money or a gun in defendant's hands after he came out of the gas station."

In determining the validity of defendant's point, this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the verdict, and reject contrary and contradictory evidence. *State v. Petrechko*, 486 S.W.2d 217, 218[1] (Mo.1972); *State v. Hunt*, 780 S.W.2d 159, 160 (Mo.App.1989). All evidence unfavorable to the state must be disregarded. *State v. Unverzagt*, 721

1. All references to statutes are to RSMo 1986, V.A.M.S.

S.W.2d 786 (Mo.App.1986); *State v. Hunt,* supra, at 160.

■ A person commits the crime of robbery in the first degree, a felony, when he forcibly steals property and in the course thereof he, or another participant in the crime, ... "[2] is armed with a deadly weapon; or ... [4] displays or threatens the use of what appears to be a deadly weapon...." § 569.020.1. With exceptions not applicable here, § 571.015.1 provides, in pertinent part, "Any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of ... a deadly weapon is also guilty of the crime of armed criminal action.... The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a ... deadly weapon." "Deadly weapon," as used in the foregoing statutes, includes "any firearm, loaded or unloaded." § 556.061(10).

The jury was entitled to find from the evidence that during the evening of September 29, 1988, defendant, Richard ["Chuck"] Williams, and Willie Richardson (no relation to defendant) were together drinking beer at a cafe in New Madrid. When the cafe closed at 1:30 a.m. on September 30, the three men, with Willie Richardson driving, went by automobile to the Fuel Land Truck Stop located north of New Madrid and in New Madrid County. According to the testimony of Willie Richardson, a witness for the state, he intended to get $3 worth of gas. Defendant was supposed to go in the gas station and cash a check and pay for the gas while Willie was putting gas in the car. Williams went to a restaurant next door to the service station to get a sandwich.

Willie Richardson did not see what happened in the service station after defendant entered it. Danny Ruark, the station attendant, testified that the defendant entered the service station and "stuck a gun in my back and took all the money out of the register." Ruark saw the gun in defendant's hand. Ruark also testified that defendant took approximately $550 from the cash register. When defendant left the station, Ruark ran next door to the restaurant and yelled, "I got robbed." Richard Williams, also a witness for the state, asked Ruark, "Who robbed you," and Ruark responded, "the guy that came in with you." Williams then gave Ruark defendant's name. Ruark obtained the license number of the car before defendant and Willie Richardson left the station in it. Ruark notified the police and gave them the license number.

Richard Williams confirmed Ruark's testimony with regard to what happened in the restaurant immediately following the robbery.

Willie Richardson testified that defendant ran out of the service station "with a gun in one hand and money in the other." He said that defendant "jumped in the car and put the gun on me and told me to drive." Defendant had Willie drive him some distance from the service station. Defendant got out of the car when Willie stopped at an intersection. Willie went home and, before dawn, notified the sheriff of the preceding events.

The foregoing evidence was sufficient to support the conviction for both offenses. In arguing otherwise, defendant points to portions of the testimony of Willie Richardson and Danny Ruark on cross-examination. Both of those men positively identified the defendant as the perpetrator. In arguing alleged inconsistencies in their testimony, defendant overlooks the standard of appellate review set forth earlier. Defendant's first point has no merit.

■ Defendant's second point is that the trial court committed plain error in failing to declare a mistrial based on remarks made by the prosecutor in his closing argument. Defendant's counsel made no objection to those remarks.

In *State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982), the court said, at 616[12–14]:

"Broad discretion rests with the trial court in the control of closing argument, with wide latitude accorded counsel in their summations.... A conviction will be reversed for improper argument only

if it is established the complained of comments had a decisive effect on the jury's determination.... Indeed, relief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication.... This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention." (Emphasis in original, citing authorities.)

The challenged remarks of the prosecutor will be considered in light of defendant's evidence. Testifying in his own behalf, defendant admitted that he had spent the evening of September 29 with Willie Richardson and Richard Williams. He testified, however, that he was not with Willie or Williams "later that night." He said that after the men left the cafe where they drank beer, Willie dropped defendant "off at his house and [Willie] said he and [Williams] had to make a run back to town and he'd be back." Defendant testified that he stayed at Willie's house until 2 or 2:30 a.m. on September 30, when Willie returned and said, "Tyrone, there's something going on. I have got a piece of money. I'm going to give it to you.... I don't want you involved in nothing." Defendant testified that he did not "go out to the Fuel Land with them at all."

During the course of his closing argument the prosecutor said:

"So, *I'm led to believe,* and I hope you agree with me, that the witnesses say that this man got the money, and that's all we can go by; the money's gone, he's the one that got it.

.    .    .    .    .

As I say, this was a short case, there isn't a lot of evidence that was presented to you, but all the people that know anything about it got up there and testified. And *I have no reason to believe, and I couldn't believe,* that Willie Richardson and Chuck Williams went out

there, just the two of 'em, to rob that place, and Willie went off and left Chuck in there, that don't make sense...." (Emphasis added.)

In *State v. Grant,* 702 S.W.2d 857 (Mo. App.1985), the court said, at 864[7]:

"Defendant asserts that the prosecuting attorney may not express his opinions or private knowledge of the defendant's guilt. But, the defendant has omitted a crucial portion of the rule.... A complete statement of the rule is that the prosecutor may not 'express to the jury in argument his belief of defendant's guilt in such a way that it implies knowledge on his part of facts not in evidence, pointing to defendant's guilt.' ... Belief of guilt may be stated where the opinion appears to be fairly based on the evidence...." (Citing authorities.)

In the case at bar the quoted portions and other portions of the prosecutor's argument make it clear that he was not implying knowledge on his part of facts, not in evidence, pointing to defendant's guilt. He was arguing that the testimony of the state's witnesses with regard to the criminal episode was more credible than defendant's version. The prosecutor's belief was an opinion "fairly based on the evidence." *State v. Grant,* supra. See *State v. Anthony,* 577 S.W.2d 161, 162–163[1, 2] (Mo. App.1979). Defendant's second point has no merit.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.